## BELL v. OWEN.

1. An action for refusing to comply with a contract of sale, made with a sheriff upon a sale of property under execution, is properly brought in the name of the sheriff.

2. Although a contract for the purchase of land, at a sheriff's sale, cannot be enforced, if not in writing, signed by the party, yet it is unnecessary to aver this fact in the declaration.

Writ of Error to the Circuit Court of Montgomery county.

ASSUMPSIT by Bell against Owen, for refusing to comply with a contract for the sale of land. The declaration contains two counts; the first of which recites that Poe had obtained judgment, and sued out a *fi. fa.* upon it, against one Reed, which was levied by the plaintiff, as sheriff of said county, on certain lots of land, described in the declaration; that these, after being duly advertised, were exposed for sale, according to law, on, &c., when the defendant became the highest bidder for the same, at $710; it then alledges, that the defendant, in consideration that the said plaintiff, as sheriff, would make him a deed for the lots so purchased, promised, and undertook, to pay him the said sum, when he should make titles to the land; it then avers a readiness to make titles, and an offer to do so, upon payment of the money, and the defendant's refusal. The second count differs from the first, only in stating that the land was put up on condition that the highest bidder should be the purchaser, and should pay the cash upon receiving the plaintiff's deed for the lots sold, and avers that the defendant became the purchaser, and refused to comply with these conditions, although the plaintiff was willing to make a deed, and offered to do so, if the defendant would pay him the price bid.

The defendant demurred to each count of the declaration, and the Court sustained the demurrer. This is now assigned as error.

HAYNE, for the plaintiff in error, cited Robinson v. Garth, 6 Ala. Rep. 204, to show that the action was properly brought in

the name of the sheriff, and Wade v. Killough, 5 S. & P. 450, to show, that the averments of an offer to make titles, when the money was paid, was sufficient, without tendering a deed.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. The decisions recently made by us, in the cases of Robinson v. Garth, 6 Ala. Rep. 204, and Lamkin v. Crawford, at this term, show that the action is properly brought in the name of the sheriff.

2. We are not aware that there is any material distinction between the mode of declaring for the breach of a contract of sale, whether the subject matter of the contract is real or personal property. Although with respect to the former, the contract cannot be enforced unless it is in writing, signed by the party to be charged therewith, yet it is not necessary to aver, that it was so, in the pleadings. With respect to the form of the counts, in this case, they seem to be substantially the same as the more general one in Lamkin v. Crawford, and under the authority of that case, we consider them as good.

The consequence is, that the judgment of the Circuit Court is reversed and remanded.