## GOVERNOR, use, &c. v. POWELL, et al.

1. In an action on the official bond of a sheriff, alledging a breach of duty, in not making the money on a *fi. fa.* it is not a good plea in bar that the party in interest was paid the principal, interest, and costs of his debt, *after the rendition of the judgment*, and before the commencement of the suit on the bond. The sheriff cannot investigate the fact of such a payment, made previous to issuing the execution, but the acceptance of payment by the plaintiff, *after the breach of duty*, is a discharge to the sheriff.

2. *Quere*—whether it is necessary, under our liberal rules of pleading for a party to aver, the person by whom payment is made, or that it was accepted as such.

3. The mere fact that an action on a penal bond is brought for the use of another, does not raise the question of the illegal transfer of a mere right of action.

Writ of Error to the Chancery Court of Coosa.

ACTION of debt in the name of the Governor suing for the use of the Branch Bank at Montgomery, who sued for the use of Bolling Hall, against Powell and others, as the sureties of one Campbell, upon his official bond as sheriff of Coosa county. The breaches assigned to the condition of the bond, are —1. That Campbell did not perform all and singular the duties of sheriff. 2. That after the making of the bond, and previous to the commencement of the suit, at, &c. the Branch Bank, &c. caused a *fi. fa.* to be issued at its suit against one Stark Hobdy, and other named persons, for the sum of $973, which *fi. fa.* was placed in the hands of Campbell to execute and return, but although the defendants therein had sufficient

property out of which the said sum could and might, by the use of due diligence, have been made, yet the said Campbell did not, nor would make the money. 3. Setting out the breach of duty in taking a defective forthcoming bond whereby the plaintiff's relators were unable to obtain satisfaction.

The defendants pleaded several pleas, amongst which is the following, to wit: *actio non,* because the defendants say, that before the commencement of this suit, and after the rendition of the judgment in the two counts of the plaintiff's declaration mentioned, which said judgment was really and equitably belonging to, and the property of, and under the control of the said Bolling Hall, for whose use this suit is brought, the said judgment, including principal, interest and costs, was wholly paid off, satisfied and discharged, to the said Bolling Hall, and this the said defendants are ready to verify, &c.

This plea was sustained on demurrer, and the judgment overruling the demurrer, is the only error assigned.

S. P. STORRS, for the plaintiff in error, insisted, the plea demurred to, neither denied, confessed or avoided the matter of the declaration, and is therefore bad. [Steph. Plead. 139; Com. Dig. Pl. 2 M. 12; Steph. Pl. 200.] A plea of payment after breach, must aver the acceptance of the sum in satisfaction. [Ansell v. Smith, 3 Dowl. 193.] So it must show when and by whom payment was made. [Steph. Pl. 335; Porter v. Ingraham, 10 Mass. 88.] The right of action vested in plaintiff by the breach of condition can be extinguished only by release, &c. [Leavitt v. Smith, 7 Ala. R. 175; Morrow v. Weaver, 8 Ib. 288.]

L. E. PARSONS, contra, urged the plea was substantially good, as the payment averred must be taken to be a *legal payment.* The party is entitled to but one satisfaction, and it is immaterial whence that is derived. [Lockhart v. McElroy, 4 Ala. 873; Freeman v. Womack, Ib. 539; Gary v. Boykin, 7 Ib. 46.] And even payment by a stranger is good. McLane v. Miller, January term, 1846.] But if the plea is

69

bad, the declaration is so likewise, as it shows the transfer of a mere right of action.

GOLDTHWAITE, J.—1. Independent of the objections taken to the form of this plea, it is insisted it is no answer to the declaration, inasmuch as the defence rests on the circumstance, that payment of the principal, interest and costs, was made to Hall *after obtaining the judgment and before the commencement of this suit*. It consequently assumes that payment at *any time* after the judgment will prevent the party supposing himself aggrieved from suing the sheriff and his sureties for the omission to use due diligence with respect to executions in his hands. There is a marked distinction between the assertion of satisfaction after the breach of duty by the officer, and of the same matter before the breach. In the first instance, the satisfaction is necessarily a discharge of the action for the breach of duty, as the party is not entitled to have two satisfactions, and the payment, or rather the acceptance of the principal debt, inures as a satisfaction. This is the principle which governs several of our decisions. Thus in Lockhart v. McElroy, 4 Ala. Rep. 572, it was held the payment to the plaintiff by the sheriff was the discharge *pro tanto* of a judgment recovered against the coroner for a neglect of duty with respect to an execution on the same judgment. And in Freeman v. Womack, Ib. 538, we considered the acceptance by the plaintiff of the principal sum from the defendant in the suit, after the breach of duty by the sheriff as a bar to a rule against him for his neglect. To the same effect is Gary v. Boykin, 7 Ala. Rep. 154. But it is a different matter to permit a sheriff to defend his breach of duty, by showing the plaintiff was paid before the breach complained of. To allow this would in every case constitute the sheriff a judge to determine between the parties that the execution was wrongfully issued, and to relieve him from the consequences of his neglect, upon his showing the plaintiff was paid. A similar defence was attempted to a rule, in Crenshaw v. Harrison, 8 Ala. Rep. 312, and with reference to which we there said, that, generally speaking, the sheriff is a mere executive officer, and is bound to pursue the mandate of the process in his hands, unless otherwise instructed

by the plaintiff on the record, or by his attorney. Beyond this, it is possible he may be permitted to recognize the interest of a stranger, if that interest is admitted by the plaintiff or his attorney, but he is not authorized to constitute himself a judge to determine questions of conflicting interests. The previous case of Mason v. Watts, 7 Ala. Rep. 703, was determined on the same principle. It may be here remarked that we are not now considering whether such a payment as we have spoken of might not enter very materially into the case, when the amount of damages is to be ascertained in a common law action. In such a proceeding it is highly probable the party is entitled to recover only to the extent of the injury sustained whilst in a rule under our various statutes, it would seem that no such discretion is vested with the courts or juries.

From what has been said, the inference will be readily drawn, that we consider the plea bad, for the reason that the payment is not alledged as having been made *after the breach of duty*, by the sheriff, as well as previous to the commencement of the suit.

2. We might perhaps consider the form of the plea, but we deem that unnecessary, in the present condition of the case, as it can scarcely be possible the court below would ever let in evidence under a plea when payment was averred generally which would not be admissible if the facts were specially set out, and in this view it admits of question, whether the plea under our liberal notions of pleading, is not sufficiently formal, although it does not show by whom the payment was made, or that it was so accepted. If made by one without authority, and if not in legal effect a payment, the fact would scarcely get to the jury, even under this plea.

3. But the defendants insist, if the plea is overruled, the demurrer shall be referred to the declaration, which is said to be bad, in showing the transfer to Hall, of the right of action by the Bank. We think the question supposed to arise, is not presented by the pleadings, which merely disclose that the suit is prosecuted for the use of Hall, and it seems inferrable also, that the suit of the bank was for his benefit in the first instance. Be this as it may, there is nothing to show the

transfer of the right of action, even if that was objectionable in a case like this.

For the error in sustaining the plea, the judgment is reversed, and the cause remanded.