## KIRKSEY v. PRYOR.

1. In actions against a sheriff for failing to serve process of garnishment on a supposed debtor of the defendant in attachment, the judgment recovered by the plaintiff in the attachment suit, is evidence *prima facie* of the injury sustained, without producing the note on which the judgment was founded.

Writ of Error to the Circuit Court of Greene. Before the Hon. J. D. Phelan.

THIS was an action on the case, at the suit of the defendant in error, to recover damages of the plaintiff, for the failure, as sheriff, to serve a garnishment placed in his hands, on Robert Leachman, a supposed debtor of G. B. Ross, against whose estate the plaintiff below had sued out an attachment. The declaration alledges, that the cause of action against Ross was a promissory note, states the proceedings thereon, and avers the recovery of a judgment against him by the plaintiff.

On the trial before a jury, the plaintiff did not produce the promissory note described in the declaration, but he laid before them the judgment recovered by him in the action against Ross. Thereupon the defendant prayed the court to charge the jury, that they must find a verdict in his favor, as the plaintiff had failed to adduce the note described in his declaration. But this charge was refused, and the jury were instructed that the attachment and judgment offered in evi-

dence, were sufficient proof of the debt to sustain the present action, if it were otherwise maintainable. To the ruling of the court the defendant excepted; and a verdict and judgment being returned for the plaintiff, a writ of error has been sued to this court.

J. B. CLARK, for the plaintiff in error, cited 2 Stark. on Ev. 740, (ed. of 1834;) 2 Chit. Pl. 737, (note f.;) 2 Esp. R. 477; 5 Id. 160.

W. COLEMAN, for the defendant in error, cited 2 Ala. Rep. 393; 17 Wend. R. 543; 1 Saund. R. 481.

COLLIER, C. J.—In an action against an officer for neglect of duty, on mesne process, the rule as to damages is, the amount of injury sustained, and not the amount of the debt. 9 Conn. Rep. 379; 5 Mart. Rep. N. S. 125; 5 Watts & Serg. Rep. 455. But in an action for any default or neglect of duty by the officer, which seems to have occasioned the loss of a debt, the judgment in the suit against the debtor is *prima facie* evidence of the measure of the injury which the plaintiff has sustained. Such evidence may, however, be controlled, and the officer in mitigation of damages may prove any facts which show that the creditor has suffered nothing by his default or neglect—as the inability of the debtor to pay, or fraud or collusion in obtaining the judgment. 2 Mass. Rep. 526; 10 Id. 470; 2 Greenl. Rep. 46; 1 Conn. R. 347; 5 N. Hamp. Rep. 438; 5 Har. & J. Rep. 485.

Perhaps these principles are not controverted in the present case, but it is insisted that as the declaration alledges the indebtedness of the defendant in the attachment to have been evidenced by a promissory note, it was necessary for the plaintiff to have produced it on the trial of this cause. If the declaration had not gone farther, and stated, that in the suit on the note a judgment was recovered, we would be inclined to think that the argument was well founded, but the allegation as to the judgment being direct and special, it was quite enough to entitle the plaintiff to recover, to produce the

attachment and judgment. This is indicated by some of the cases cited, and not denied by any we have seen. What is said in the declaration as to the note, may be stricken out as superfluous, and a good cause of action still appear on the pleadings—being thus unnecessarily stated, it was not indispensable to prove it. The circuit court laid down the law in conformity to this view, and its judgment is therefore affirmed.