Evans et als. v. The Governor, use &c.

~~~~~~~~~~~~~~~~~~~

## EVANS ET ALS. *vs.* THE GOVERNOR, USE, &c.

1. In an action against a sheriff, for failing, through mere negligence, to make the money on an execution, or to return it according to its mandate, the amount of the execution is the measure of damages, notwithstanding the defendant may have continued entirely solvent.

2. The mere failure of the plaintiff to enforce satisfaction of his excution from the defendant, when he could have done so, does not impair his remedy against the sheriff, who has committed a previous default in not making the money on the execution, or in not returning it.

3. A sheriff, by whom an execution has been levied on personal property, whilst the execution is in force, may sell after the return day of the writ, and having the power to sell, he may receive the money in satisfaction of the execution, without a sale, and by such receipt and failure to pay it over to the plaintiff, subject his securities to liability therefor.

ERROR to the Circuit Court of Perry. Tried before the Hon. Geo. D. Shortridge.

MOORE and BROOKS, for the plaintiffs in error.

GARROTT and DAVIS, for the defendant.

CHILTON, J.—This was an action upon a sheriff's bond. Three breaches are assigned in the declaration : 1st, that the sheriff failed to return an execution, which was placed in his hands to be executed and returned by him as sheriff, in favor of the Bank and against one Henry Y. Houze and Thomas Billingslea, as required by law, &c.; 2d, that he failed to make the money upon the same, as required by the exigencies of the writ, when he could have done so by the use of due diligence; and, 3d, that he collected the money upon said writ of execution and failed to pay the same over to the plaintiff after demand duly made.    Upon the trial a bill of exceptions was taken, upon which three questions arise for our consideration, namely— 1st. Whether the amount of the execution is the measure of damages, as against a sheriff, who through mere neglect fails to collect the money on it, or to return it, the defendants in such execution remaining solvent?    2d. Whether, if, after such default, the plaintiff in such writ cause subsequent executions, upon which the succeeding sheriff could have made the money, to be returned to await his remedy against the prior sheriff for the default, this constitutes a bar to his action for such default, or should reduce the damages? And, thirdly, whether the securities of a sheriff are liable for money collected by him, after the return day of the execution, but while he had property of the defendant in execution in his possession by virtue of a levy made when the execution was in full force?

We shall briefly consider these questions, in the order we have stated them; but before proceeding, it is proper to turn to the bill of exceptions, to ascertain whether it shows proof upon which the charge of the court, asserting the affirmative of the last proposition, could be predicated.    That portion of it reads as follows : "It appeared in evidence that the Bank recovered a judgment in the County Court of Mobile, for the sum of $761 95 damages, and $22 18 costs, against William Huntington, Henry Y. Houze and Thomas Billingslea; that on the 18th October, 1842, an execution was duly issued on said judgment, and on the 28th day of the same month, came to the hands of David Chandler, who was the sheriff of Perry county, to be executed, and was returnable at a term of the Mobile County Court, to be holden on the 2d Monday in February 1843; that on the 6th day of January 1843, Chandler levied the execution

upon four slaves and other goods and chattels of said Houze; that the following words appeared to be endorsed on said execution—"Satisfied, February 13th, 1843.—DAVID CHANDLER, Sheriff, by A. West, D. Sh'ff." It further appeared, that Chandler neglected to return the said execution according to law, and kept the same to complete the sale of the property levied upon. The plaintiff introduced as a witness A. West, the deputy of Chandler, who deposed, that he collected one hundred and thirty-five dollars on said execution from the sale of Houze's property under the same; that the property was levied upon in January, and was sold to the amount of $100, at Perryville, on the second Monday in Feb. 1843, *and the balance on some day afterwards, not recollected by witness; and that the execution was satisfied the 13th Feb.* 1843." This being the evidence, it follows, that, as the money was paid on the 13th day of February, which was the second Monday of that month, and the same day when a portion of the property levied on was sold, *and the balance was sold some day after that*, the sheriff had property in his hands under the previous levy, undisposed of, when he received the money for which his securities are sought to be charged.

1. We come to consider the proposition, whether the amount of the execution is the true criterion of damages under the facts, as they are presented by the bill of exceptions in this case; and upon this point we find some contrariety of decision. In Kentucky, it appears to be well settled by judicial decisions, that the amount of the execution is not the measure of damages, but the actual injury the party has sustained.—3 Bibb, 356; Littell's Select Cas. 132; 7 B. Mon. 298; 8 ib. 111. In New York the rule appears to be different; and it is there held, in actions against a sheriff for failing to return an execution, where the plaintiff proves the sheriff's negligence, and the ability of the party defendant in the writ, he is entitled to recover the full amount of his judgment.—Patterson v. Westerveldt, 17 Wend. 543, and cases there cited; Rome v. Curtis, 1 Hill's R. 275; Pardee v. Robison, 6 ib. 550. So also in Massachusetts, it is held, that where an officer neglects to do his duty, so that the effect of a judgment appears to be lost, the judgment in the suit so rendered ineffectual is *prima facie* evidence of the measure of damages which the plaintiff has sus-

tained.—Per Parker, J., Wild v. Bartlet, 10 Mass. 474. The doctrine asserted by this case seems to have been adopted by this court in Bagby, use, v. Harris, 9 Ala. 173, where the court say, "We are entirely satisfied that the damages cannot be mitigated, by merely showing that the original debtor was solvent and able to pay, or that in the attempt to make him pay, other defaults have taken place. If this was sufficient, it is evident, when the debtor is of sufficient ability, the excuse may be urged by each successive sheriff, and the plaintiff will only reach the fruits of his judgment when he finds one willing, as well as bound, to perform his duty." The reasoning in that case is apposite to the case at bar, and we deem it unanswerable. Were the rule otherwise, and could each sheriff, at the expense of nominal damages, answer the plaintiff's demand, by saying, "true it is, I have failed negligently to collect the money due on the execution, but the defendant is good," the plaintiff could be postponed until the writ fell into the hands of some officer who could truly return it, "no property found," and thus the plaintiff would lose his demand. The principle settled by the case of Bagby, use, &c. v. Harris, was re-asserted in Spence v. Tuggle, 10 Ala. 142-3. That was a suit against a sheriff for failing to execute a *ca. sa.*, and the court clearly intimate that the default being shown, the *prima facie* damage is the amount of the plaintiff's demand, but which may be reduced by proof of the inability of the defendants in the *ca. sa.* to satisfy it, and which proof might in turn be rebutted by proof of their solvency.—See also, Kirksey v. Pryor, 13 Ala. 190. We are entirely satisfied with these decisions, and although the rule may appear somewhat stringent, it requires no more than a faithful discharge of official duty to avoid its operation.

2. As to the second question, there is not the least ground for saying that the plaintiff has forfeited or in any way discharged his right of action against Chandler and his securities. It is unnecessary for us to inquire what would have been his rights, had he refused to permit Chandler or his securities to have enforced collection out of the defendants for their indemnity. None of them took any such step for their protection, and the plaintiff was not under the slightest obligation, in the absence of their intervention, to avail himself of the technical ground that invalidates the entry of satisfaction endorsed on the execu-

tion, because the money was paid after the return day thereof, for the protection of the defendants in this action, whose principal improperly refused to pay over such money, and thereby to release them from liability. Much less do we regard the indisposition of the plaintiff to enforce the money again out of the defendants in the execution any evidence of fraud, either actual or constructive. That the plaintiff by his conduct in this case lost no right to proceed against the sheriff, is clearly deducible from Garey v. The Bank, 11 Ala. 771, and Smith v. Levitt, 7 ib. 175.

3. As to the remaining proposition, we have as little difficulty. It is well settled, that if a sheriff levy on personal property, while the execution is in full force, he may proceed and sell it after the return day of said writ. He acquires by his levy a special property in it, of which he is authorised by law to divest himself by sale.—Bondurant v. Buford, 1 Ala. 359 ; Leavitt v. Smith, 7 ib. 175. Having the right to sell the porperty, it would be absurd to say he had no right to receive the money, and having the right to raise the money by a sale of the property, the defendants had a corresponding right to pay the money and relieve the property. Nor can we see that it makes any difference whether Billingslea or Houze paid the money ; nor was it important to inquire whether it was paid to prevent a sale of the property levied on. It is sufficient, we think, if, at the time the money was paid, the sheriff had property in his hands, by virtue of the levy, which the law authorised him to sell in satisfaction of the execution. The defendants, or either of them, had the right, under such circumstances, to arrest the sale and prevent the sacrifice of the property by paying the money. But for the levy, it is very clear the plaintiff had no right to receive the money after the return day of the execution, and his securities in such case would not be chargeable for it.

After a careful examination of the various points made in the argument of the counsel, we are unable to perceive any error in the record, and the judgment must consequently be affirmed.