# Marcum *v.* Burgess *et al.*

*Action on Sheriff's Bond for Damages for Failing to Return Execution.*

1.· *Sheriff; what damages recoverable against for failing to return execution, and how recovered.*—The failure of a sheriff to return an execution according to its mandate, is a breach of his official bond for which the plaintiff may, in a common law action, recover damages; but in the absence of averment and proof of actual injury, the damages are nominal, and the statutory damages of twenty per cent on the amount of the judgment are not recoverable in such an action, but only in a summary proceeding under the statute.

APPEAL from Etowah Circuit Court.

Tried before Hon. W. L. WHITLOCK.

This action was brought by G. J. Marcum against Thomas J. Burgess, and the sureties on his official bond as sheriff of Etowah county. The complaint contained two counts, the first of which claimed five thousand dollars for the breach of the condition of a bond made by the defendants, payable to the State of Alabama with condition "that if the said Burgess shall faithfully perform all the duties that are, or may be by law, required of him.as such sheriff, &c.," and plaintiff averred that the condition of the bond had been broken by said Burgess in this, "that he did not faithfully discharge the duties of sheriff during the time he continued to act as such; that one *alias* writ of *fieri facias* issued from the Circuit Court of Etowah county by the clerk of said court, on October 30th, 1879, in favor of G. J. Marcum against C. O. Hughes, as administratrix of the estate of Joseph Hughes, deceased, for the sum of $334.77, besides costs of suit, which said writ of *fieri facias* was placed in the hands of said Burgess as such sheriff, October 30th, 1876, and which said *fieri facias* was issued on a judgment rendered March 31st, 1876, in said Circuit Court, for $334.77, and which writ said Burgess failed to return three days before the Circuit Court to which the same was returnable, according to the mandate thereof, "wherefore, for the failure of said Burgess, sheriff as aforesaid, to return said writ of *fieri facias* according to law and the mandate thereof, the plaintiff claims twenty per cent. on the amount of said judgment, with the interest thereon." The second count was substantially the same, and averred a failure to return a *pluries fieri facias* issued on the same· judgment. The defendants demurred to the complaint, because : "1. The plain-

[Marcum v. Burgess et al.]

tiff seeks to recover in this action the summary statutory penalty of twenty per cent for failing to return the execution which was not recoverable in this action. 2. Plaintiff does not allege wherein, nor to what extent, he has been damaged. 3. The complaint and each count thereof is bad because it sets out by claiming five thousand dollars as damages, and ends by claiming the statutory penalty of twenty per cent. for failing to return the execution, and is therefore bad for duplicity." The court sustained the demurrer, the plaintiff declined to plead over, and judgment was thereupon rendered in favor of the defendants.

The rendition of this judgment is the error assigned.

W. B. MARTIN, for appellant. (No brief on file).

DENSON & DISQUE, for appellees.—A suit can not be maintained in the ordinary manner on a sheriff's bond to recover the statutory penalty for failure to return an execution. This penalty is given by the statute only, and the statute provides the remedy to enforce it. This excludes every other remedy. *Asken v. Myrick*, 54 Ala. 30; *Janney and Wife v. Buell*, 55 Ala. 408.

STONE, J.—The statutory damages of twenty per cent. on the judgment for not returning an execution according to the mandate thereof, can be recovered of a sheriff only in a summary proceeding under the statute.—Code of 1876, section 3357; *Governor v. Powell*, 10 Ala. 544. In a common law action on the bond for not returning such process, the statutory damages, as such, can not be recovered. The violation of duty by the sheriff, in not returning the execution, is a breach of the official bond, which entitles the plaintiff to recover; but in the absence of averment and proof of actual injury, there can be only nominal damages.—*Bagley v. Harris*, 9 Ala. 173; *Evans v. Governor*, 18 Ala. 659. The Circuit Court, however, erred in sustaining the demurrer to the complaint. It is sufficient for the recovery of nominal damages.

Reversed and remanded.