# Higdon, *et al. v.* Fields

*Summary Judgment.*

(Decided November 14, 1912.  60 South. 594.)

1. *Abatement and Revival; Other Action Pending.*—Since the penalty prescribed by sections 5904 and 5910, Code 1907, cannot be recovered in a common law action for damages for failure to levy an attachment, the pendency of an action for damages against the sheriff for a failure to levy an attachment will not abate a summary proceeding for judgment on motion for the statutory penalty.

2. *Sheriff and Constable; Liability on Bond; Failure to Levy Attachment.*—In the absence of evidence showing actual damages only

nominal damages can be recovered in a cómmon law action against a sheriff and his bondsmen for damages for neglect of duty to execute an attachment.

3. *Same; Summary Proceeding.*—A motion for a summary judgment for the statutory penalty which shows on its face that it sought a summary judgment for failure to execute an attachment which could have been executed by due diligence, was not demurrable for a failure to state the amount for which the judgment was sought, since the statute (section 5910, Code 1907) authorized the imposition of a penalty of not less than $50 nor more than $500, to be ascertained by the jury, and the motion was in effect for a judgment for such an· amount as the statute authorized:

4. *Same; Liability of Sureties.*—Under sections 5899, 5900, and 5910, Code 1907, the sureties on a sheriff's bond were properly made defendants in a summary proceeding by motion against the sheriff for the penalty prescribed by section 5910.

5. *Same; Sufficiency of Motion; Property Subject to Execution.*— In view of the provisions of section 5899, Code 1907, a motion for summary judgment for negligent failure of the sheriff to execute a described writ of attachment coming into his hands sufficiently averred that the attachment defendant had property which could have been levied on by due diligence.

6. *Same.*—A motion for a summary judgment against a sheriff and his sureties is not such a pleading as requires technical precision.

7. *Same; Evidence.*—In connection with evidence tending to show possession by the attachment defendant of realty before the issuance of the writ, it was admissible to prove the owner's assessment of the realty for taxation for the year in which the writ was issued, as tending to show that he had such interest in the property as to make it subject to levy under process directed against the person in possession thereof and claiming it.

8. *Same; Instruction.*—Where the evidence disclosed that the attachment defendant had owned and been in possession of certain land before the writ was issued, and had sold a part of it, but still owned some of it when the writ was placed in the sheriff's hands, and there was no claim against the sheriff for failure to levy on the property which the attachment defendant had conveyed, an instruction that title did not pass from the attachment defendant until the deed was delivered, and that the legal title was in the defendant until then, and that under the undisputed evidence, if the jury believe it, the land so sold was subject to the levy of attachment in question when the attachment came into the sheriff's hands, was not objectionable as referring to lands owned by the defendant's wife, as well as that owned by him or to lands which he had conveyed before the writ was issued.

9. *Same.*—A charge asserting that there was no evidence showing a duty on the sheriff to run a sheriff's garnishment in this case, was properly refused as asserting no legal proposition.

10. *Same.*—A charge asserting that if the jury believed that a certain person not the attachment defendant was in possession of a tract claiming it as his own, that it could not find against the defendant unless they believed from the evidence that the attachment

[Higdon, et al. v. Fields.]

defendant was the owner of the property when the writ was issued to the sheriff and the sheriff had notice of the owner's title, was properly refused for a failure to require the sheriff to have exercised any diligence in discovering property subject to levy under the attachment.

11. *Charge of Court; Construction.*—Instructions must be construed in connection with the evidence on the issues in the case.

12. *Homestead; Declaration; Protection.*—A homestead is not exempt from attachment levy where the declaration required by sections 4168, 4172 and 4193, had not been filed.

13. *Officers; Official Bonds.*—A bond intended by the obligors to be the official bond of a public officer is operative as such, although not expressly conditioned as prescribed by section 1483, Code 1907.

14. *Same.*—Where the party stipulated that the surety on the bond was a named defendant, proof of the condition of the bond was not necessary, as an official bond is valid if admitted to be such by the sureties, although not conditioned as required by statute.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Motion by W. M. Fields against E. L. Higdon as sheriff, and the sureties on his official bond, for a summary judgment for failure of the sheriff to levy an attachment writ coming into his hands as such officer. From a judgment granting the motion defendant appeals. Affirmed.

See also 3 Ala. App. 322; 57 South. 58.

The charges referred to in the thirteenth and fourteenth assignments of error are as follows:

"(13) I charge you that the land bought by Heinze was not divested out of Kelly until the deed for the same was delivered to Heinze.

"(14) I charge you that the legal title to the land bought by Heinze was in Kelly until deed to same was delivered to Heinze."

"(16) Under the undisputed evidence in this case, if the jury believe it, the land sold by Kelly to Heinze was subject to levy of the attachment in question in this case when the attachment came into the hands of the sheriff."

The following charges were refused the defendant:

"(3) I charge you, gentlemen of the jury, that there is no evidence showing a duty on the part of the sheriff to run a sheriff garnishment in this case.

"(4) I charge you, gentlemen of the jury, that if you believe from the evidence that Heinze was in possession of the tract known as the Kelly farm on or before December 5, 1908, claiming to own the same, you cannot find against the defendant, unless you believe from the evidence that the said Kelly, defendant in the writ of attachment, was the owner of said property on the 30th day of December, 1908, and that the sheriff or his deputy handling said writ had notice of said Kelly's title."

A. LEO OBERDORFER, for appellant. Counsel insist that the motion should be abated because of a suit on file against the sheriff and his official bond for failure to make the levy. The motion was defective for failure to state the amount claimed, and the pendency of the other suit was admissible in mitigation of damages.— *Caldwell v. The State,* 47 South. 679; *State v. Autrey,* 1 Stew. 399. The demurrer to the motion should have been sustained for want of a claim of damages.—*Palmer v. Fitts,* 51 Ala. 489; 31 Cyc. 110 and 279; *Chandler v. Vandegrift,* 94 Ala. 233. The surety was wrongfully joined.—Sec. 5904 and 5910, Code 1907; *Ware v. Green,* 37 Ala. 494; *Collier v. Powell,* 23 Ala. 579; *James v. Auld,* 9 Ala. 462; *Orr v. Duvall,* 1 Ala. 264; 4 Mayf. 874; 35 Cyc. 1632. The court erred in permitting it to be shown that Kelly assessed the property for taxation, and in giving the charges objected to. Counsel discuss other assignments of error, but without further citation of authority.

HARSH, BEDDOW & FITTS, for appellee. The pendency of the common law action cannot serve to defeat the motion, nor was its pendency evidence in mitigation of damages, for if the sheriff were to pay the amount he owed the plaintiff by reason of his default, it would not affect the matter involved in the motion, but would be a defense to the common law action. There was no error in overruling demurrer to the motion.—*McArthur v. Dane*, 61 Ala. 539; 20 Cyc. P. & P. 1087; Sec. 5899, Code 1907. It is proper to include the sureties in the motion.—*Maxwell v. Pounds*, 116 Ala. 554. The homestead is subject to levy when not protected by declaration filed under the statute.—*Wright v. Grabfelder*, 74 Ala. 460; Sec. 4168, Code 1907. Whether the bond is conditioned in fact as required by law or not the law makes it operative as if so conditioned.—*U. S. F. & G. Co. v. U. T. & S. Co.*, 142 Ala. 532; *Bromberg v. Fid & D. Co.*, 139 Ala. 338; Secs. 1483, and 5866, Code 1907. The court is never required to charge the jury that there is or is not evidence of a particular fact.—*W. F. C. & S. Co. v. Cunningham*, 158 Ala. 370. Counsel discuss other assignments of error, but without further citation of authority.

WALKER, P. J.—This was a proceeding under the statute (Code, § 5910) for a summary judgment against a sheriff and the surety on his official bond for the failure of the former to execute an attachment which came into his hands as sheriff, "and which," as alleged in the motion, "by due diligence could have been executed." On motion of the plaintiff the court struck a plea filed by the defendants, which set up as a ground for abating the motion the pendency of an action brought by the same plaintiff against the same defendants for the recovery of damages for the sheriff's failure to levy the

writ of attachment which was referred to in the motion. This ruling is assigned as error. We are not of opinion that this assignment of error can be sustained. The provision of the statute (Code, §§ 5904, 5910) for a summary judgment "for failure to execute a summons, attachment, or other mesne process, which by due diligence could have been executed, for a sum not less than fifty, nor more than five hundred dollars, to be ascertained by a jury," is one for a penalty for the sheriff's failure to perform his duty in reference to process coming to his hands. That penalty is not recoverable in a common-law action on the sheriff's official bond, but can be recovered only in the summary proceeding provided for by the statute. The action mentioned in the plea in abatement did not embrace the demand asserted in the present proceeding, which is for the enforcement of a right created by a statute which also prescribes the remedy for its enforcement.—*Marcum v. Burgess*, 67 Ala. 556; *Birmingham Dry-Goods Co. v. Bledsoe*, 113 Ala. 418, 21 South. 403; *Askew v. Myrick*, 54 Ala. 30. The correctness of this conclusion is emphasized by the provision of the statute itself that "this remedy shall not preclude the party injured from a resort to other legal modes of redress."

The violation of duty by the sheriff in failing to execute a writ of attachment which by due diligence could have been executed furnishes support for a common-law action on his official bond, but in such an action only nominal damages are recoverable in the absence of averment and proof of actual injury.—*Marcum v. Burgess, supra*. The amount that may be adjudged as the statutory penalty is not required to be measured by the actual process which the sheriff failed to execute. It is not a ground for abating this statutory proceeding that the actor therein has instituted an action,

in which, though it counts upon the same dereliction
of duty by the sheriff, the penalty therefor provided by
the statute is not recoverable.

The record does not show that the court ruled upon
the question of the admissibility in evidence in the trial
of the proceeding of the fact of the pendancy of the
suit which was mentioned in the plea in abatement.
The bill of exceptions recites that the defendants "of-
fered in evidence the summons and complaint in the
case of W. M. Fields v. E. L. Higdon and U. S. Fidelity
& Guaranty Company, which was not the case at bar,"
that the court sustained the plaintiff's objection to
this evidence, and that the defendants excepted to this
action of the court. It is not made to appear that the
papers offered evidenced the pendency of such a suit as
was described in the plea in abatement. The nature of
that suit is not disclosed further than by the recital that
it "was not the case at bar." For anything that appears,
it may have been a suit based upon a claim having no
relation to the default for which a penalty was sought
to be recovered. It could not plausibly be contended
that the defendants in this proceeding were entitled to
introduce in it evidence of the pendency of any kind
of suit which the movant may have instituted against
them.

It is urged in the argument of counsel for the appel-
lants that the court erred in overruling the demurrer to
the motion for a summary judgment. The grounds of
the demurrer which are relied upon in the argument
will be considered. (1) It is insisted, in the first place,
that the motion was subject to demurrer because of its
failure to state the amount for which judgment was
sought. The motion on its face showed that was for a
summary judgment against the sheriff and the surety on
his official bond for the failure of the former, as sheriff,

to execute a described writ of attachment, which, as alleged, by due diligence could have been executed. The service of the motion gave notice that it was for a summary statutory judgment and of the cause for which it was made, as required by the provision of the statute on the subject. Code, § 5899. The statute itself (Code, § 5910) gave notice of the amount for which such a judgment could be rendered for such a default on the part of the sheriff. As to the amount of the claim asserted by the motion, the defendants were as fully informed by the provisions of the law which was invoked against them as if it had been specifically stated in the motion that a "sum not less than fifty, nor more than five hundred dollars, to be ascertained by a jury," was sought to be recovered, as authorized by the statute. In effect, the motion was for such judgment as the statute in such case authorizes.—*McArthur v. Dane*, 61 Ala. 539, 543. We are not of opinion that there is any merit in this ground of demurrer. (2) The demurrer raised the objection that the surety on the sheriff's official bond was wrongfully made a party defendant to the motion. Plainly the default mentioned in section 5910 of the Code is one of the "defaults stated" (Code, § 5899) for which the statute (Code, § 5900) expressly provides that "the motion may be made by the party aggrieved, or by his legal representative, against the person in default and the sureties upon his official bond."—*Maxwell v. Pounds*, 116 Ala. 551, 23 South. 730. (3) Another ground of objection to the motion was its alleged failure, by appropriate averment of the facts, to show that the defendant in attachment had property which could have been levied on if the sheriff had exercised due diligence. The summary judgment for the recovery of which the proceeding was instituted is authorized to be rendered "upon notice in writing by the party aggrieved, that a

[Higdon, et al. v. Fields.]

motion will be made for judgment, succinctly stating in such notice the cause for which such motion will be made."—Code, § 5899. We are of opinion that the default relied on is sufficiently indicated to meet the requirement of this provision by a motion which avers, as the one in this case does, the failure of the sheriff to execute a distinctly described writ of attachment which came to his hands and which by due diligence could have been executed. This averment fairly imports that the defendant in attachment had property upon which by the exercise of due diligence on the part of the sheriff the writ could have been levied. The motion is not a pleading in which technical precision and fullness are required. The defendants have the notice to which the statute entitles them if they are fully advised in writing of the statutory ground relied upon to support the motion, and of the term of court at which judgment will be sought.—*Walker et al. v. Chapman,* 22 Ala. 116; *Broughton et al. v. State Bank,* 6 Port. 48.

It does not appear that the tax assessor answered the questions as to the assessment of property for taxation by the defendant in the attachment, the rulings on the objections to which are assigned as errors. Besides, if the testimony of the witness which followed the asking of those questions could be regarded as a response to them, it was permissible, in connection with evidence tending to show prior possession by the defendant of real estate in the county, to prove his assessment of it for taxation for the year in which the writ issued for the purpose of showing that the possession was accompanied by such an interest in the property as to render it subject to levy under process against the person so in possession of and claiming it.—*Whitsett, Garner & Co. v. Slater,* 23 Ala. 626.

19 CA

The undisputed evidence in the case was to the effect that the defendant in the attachment had owned and had been in possession of land in the county, that he had sold and conveyed part of his land to one Heinze shortly before the attachment was issued, and that he still had title to some of the land during part of the time when the attachment was in the hands of the sheriff. Under the evidence in the case, it was a question whether by the exercise of due diligence this last-mentioned land could have been levied on before the title to it was divested by a deed to one Heinze which was delivered some time after the issuance of the attachment. There was some evidence tending to show that part of the land included in that deed belonged to the wife of Kelly, the defendant in attachment, who joined him in the deed. There is nothing in the record to indicate that there was any claim that the sheriff was at fault in failing to levy on property which had not belonged to the defendant in attachment, or which he had sold and conveyed before the writ was issued. The effort was to show that by the exercise of due diligence he could have levied on the land which Kelly conveyed after the writ was issued.

Under the rule that charges given to the jury have reference to the evidence in the case and the questions arising out of it, and must be construed in connection therewith (*Carter v. Chambers,* 79 Ala. 223), we are not of opinion that the given charges referred to in the thirteenth and fourteenth assignments of error are subject to the criticism that they referred to land which had been owned by Kelly's wife, and not alone to land owned by Kelly himself. It could not well have been understood that the statement in the first mentioned charge "that the land bought by Heinze was not divested out of Kelly to Heinze" had any reference to land the title

to which had not been vested in Kelly. It is not claimed that there was any error in that charge, unless it is construed as referring in part to land which Kelly had not owned. We are not of opinion that it is fairly open to such a construction. It seems plain that what was spoken of in the several given charges as "the land bought by Heinze" or "the land sold by Kelly to Heinze" could not have been understood by the court or the jury as referring to any land which had not belonged to the defendant in attachment, but must have been understood as referring to that part of Kelly's land which was conveyed after the attachment was issued, as distinguished from the part of his land which he had sold and conveyed shortly before that time.

It is claimed that it was error to give the written charge mentioned in the sixteenth assignment of error because there was evidence to show that the land referred to had been the homestead of the defendant in attachment. None of the evidence tended to show that the defendant in attachment was a resident of the state at the time the writ was issued, or that the land was his homestead at that time.

Besides, there was no evidence that he had filed the declaration required to protect the land from levy of process.—Code, §§ 4168, 4172, 4193; *Abbott v. Gillespy*, 75 Ala. 180.

It is suggested that the general affirmative charge in favor of the defendants should have been given because of the absence of proof of the amount of the penalty and of the condition of the sheriff's official bond. The bill of exceptions recites that "it was agreed between the parties that the party on the bond of defendant E. L. Higdon as sheriff was defendant United States Fidelity & Guaranty Company." A sheriff's bond cannot be for

less than $5,000 (Code, § 5866), more than the amount recoverable in this proceeding.

A bond intended by the obligors to be the official bond of a public officer is operative as such, though not expressly conditioned as directed by the statute.—Code, § 1483; *United States Fidelity & Guaranty Co. v. Union Trust & Savings Co.*, 142 Ala. 532, 38 South. 177.

The admission above quoted covered all that was material to be shown in reference to the bond.

A court is not required to give such a charge as charge 3 requested by the defendant, which asserted no proposition of law.—*Western Steel Car & Foundry Co. v. Cunningham*, 158 Ala. 369, 48 South. 109.

The refusal of charge 4 requested by the defendants was justified because of its failure to hypothesize the exercise by the sheriff of any diligence to find or discover property subject to be levied on under the writ of attachment. Under that charge, the sheriff could have been held free of liability if he had no notice of property subject to levy, though he exercised no diligence at all to find something to levy upon, and would have found property subject to be levied on if he had exercised due diligence.—*Governor v. Campbell*, 17 Ala. 566; *Whitsett Garner & Co. v. Slater*, 23 Ala. 626; 35 Cyc. 1628.

Affirmed.