# Collins *v.* The State.

## *Indictment for Murder.*

1. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, it is competent to show in connection with the killing, all of the attendant circumstances—who were present, what was said and done, and every other fact connected with the transaction and so related as to form a part of *res gestae.*

2. *Same; same.*—On a trial under an indictment for murder, all the particulars of a continuous transaction leading up to the murder, though not shown to have any immediate connection with the offense, but which tend to shed light on the main inquiry, are admissible.

3. *Conspiracy; how proved.*—A conspiracy or common purpose to do an unlawful act, need not be shown by positive testimony, but may be proved by circumstantial evidence; nor need it be shown that there was pre-arrangement to do the specific wrong complained of.

4. *Same; admissibility of evidence.*—After proving the existence of a conspiracy, every act or declaration of the defendant which may tend to establish such facts, is admissible in evidence against him, and when a conspiracy has been shown to exist, or facts are proved from which its existence may be reasonably inferred, all that is said and done in furtherance of the common design by one of the conspirators, is admissible in evidence against the other conspirators.

5. *Evidence; when error in admission of incompetent evidence cured.*—If evidence, which at the time of its introduction is incompetent, is rendered competent by subsequent introduction of other evidence, the error in the admission of the evidence first offered is cured and is without injury.

6. *Homicide; admissibility of evidence.*—Where the defendant, who was jointly indicted with her husband on the charge of murder, is granted a severance, and it is shown that the killing was done with a shot gun, it is competent for the State to show that the defendant, shortly before the homicide, went off and brought and delivered a gun to her husband, who did the killing; and likewise it is competent to show that the husband received the gun from the defendant, although it was not shown with what intention he took the gun from her.

7. *Same; same; conspiracy.*—Where on a separate trial of the defendant, who was jointly indicted with others for murder, there was evidence tending to show that there was a conspiracy or community of design to commit the homicide, participated in by the defendant and her co-defendants, the actions and conduct of the defendant's co-defendants at the time of, or just preceding the killing, are admissible in evidence.

8. *Murder; charge of court to jury.*—On a trial under an indictment for murder, it is error for the court to instruct the jury *ex mero motu* that the defendant was "guilty of murder in the first degree or was guilty of nothing"; such charge being upon the effect of the evidence.

9. *Charge as to reasonable doubt.*—On the trial of a criminal case,

[Collins v. The State.]

a charge which instructs the jury that "if all the evidence in the case tending to establish the guilt of the defendant can be reasonably reconciled with the theory of defendant's innocence, then the jury should acquit the defendant," is misleading and properly refused.

APPEAL from Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

The appellant in this case, Carrie Collins, was jointly indicted with her husband, Ben Collins, and Randolph Flanagan and Will Sample, for the murder of J. H. Winningham; and upon a severance the appellant was convicted of murder in the first degree and sentenced to the penitentiary for life. The facts of the case relating to the rulings of the court upon the evidence, which are reviewed on present appeal, are sufficiently stated in the opinion.

The court in its general charge to the jury, after charging them what was necessary to constitute a conspiracy, the liability of each conspirator, the evidence necessary to establish a conspiracy, then instructed them as follows: "That if they were not satisfied from the evidence beyond all reasonable doubt that there was a conspiracy between the defendant and her husband, Ben Collins, to do the killing, and that the killing was done by him in carrying out said conspiracy, then they must acquit the defendant, and if they were satisfied from the evidence beyond all reasonable doubt that there was a conspiracy between them to do the killing and Ben Collins did the killing in carrying out the conspiracy, then defendant was guilty of murder in the first degree; that she was guilty of murder in the first degree, or she was guilty of nothing."

The defendant separately excepted to the statement in that portion of the court's general charge "that she was guilty of murder in the first degree, or she was guilty of nothing." The charge which the defendant requested the court to give, to the refusal to give which charge the defendant duly excepted, is copied in the opinion.

[Collins v. The State.]

DEGRAFFENRIED & EVINS, for appellant.—The charge which was refused to the defendant asserted a correct proposition of law, and should have been given—*Bryant's Case*, 116 Ala. 445; *Prater v. State*, 107 Ala. 27; *Howard v. State*, 108 Ala. 572.

MASSEY WILSON, Attorney-General, for the State. There was no error committed by the trial court in allowing the introduction of evidence tending to show the existence of a conspiracy between defendant and her co-defendant.—*Lawson v. State*, 20 Ala. 78; *Johnson v. State*, 29 Ala. 62; *Campbell v. State*, 23 Ala. 44; *Churchwell v. State*, 117 Ala. 124; *Ex parte Bonner*, 100 Ala. 114; *Pierson v. State*, 99 Ala. 148; *Elmore v. State*, 110 Ala. 63; *Bridges v. State*, 110 Ala. 18.

DOWDELL, J.—The appellant, Carrie Collins, was jointly indicted with Ben Collins, her husband, and two others, Randolph Flanagan and Will Sample, for the murder of J. H. Winningham. At her request and on motion a severance was ordered, and she was separately tried and convicted. The evidence without dispute showed that the killing was done by Ben Collins. The theory of the prosecution was, that the killing was the result of a conspiracy in which the appellant participated. The exceptions reserved on the trial, and which are here presented for our consideration and review, relate to the rulings of the trial court on the admission and rejection of evidence, and to a certain part of the *ex mero motu* charge of the court to the jury, and to the refusal of written charge requested by the defendant.

The exceptions to the rulings of the court upon the introduction of evidence are numerous, and most all of which are entirely without merit, and, indeed, are not so much as noticed by counsel for appellant in argument. No reason exists and no good purpose is to be subserved in treating these numerous exceptions in detail. We will, therefore, only deal with those insisted on in argument, with the statement of some general rules applicable to all.

Evidence of facts relevant to the issues, is competent and admissible. Every fact that tends directly to prove

or disprove an act in issue is relevant and admissible in evidence. The homicide, the existence of a conspiracy, were questions in issue. In proving the homicide, it was competent to show in connection with the killing all of the attendant circumstances, who were present, what was said and done, and every other fact connected with the transaction, and so related as to form a part of the *res gestae*. So too, any chain of facts or circumstances continuous in their nature leading up to and eventuating in the homicide. "It may be said generally, that all parts of one continuous transaction, though not shown to have had any immediate connection with the offense, —the culmination of all the circumstances and facts, proximate to the consummation of the crime, which tend to shed light on the main inquiry,—are admissible."—*Churchwell v. State*, 117 Ala. 126. The existence of a conspiracy was a fact provable as any other fact by direct evidence or circumstantially. "Conspiracy, or a common purpose to do an unlawful act, need not be shown by positive testimony. Nor need it be shown that there was pre-arrangement to do the specific wrong complained of."—*Martin v. State*, 89 Ala. 119. The fact of the existence of a conspiracy may be inferred from other facts. There can be no doubt that in proving the existence of a conspiracy, every act or declaration of the defendant which may tend to establish such fact is admissible in evidence against him. Another well established rule of evidence is, that when the conspiracy has been shown to exist, or facts from which its existence may be reasonably inferred, all that is said and done in furtherance of the common design by any one of the conspirators, is admissible in evidence against other conspirators. But, the declaration of an alleged conspirator made in the absence of an alleged co-conspirator, is not admissible in evidence against the latter, until the conspiracy shall have first been shown or facts from which it may be inferred. It being a question of the competency and admissibility of such evidence, it is of necessity one addressed to the court primarily, and the evidence must in the judgment of the court be such as to leave it open to the jury to find the existence of a conspiracy upon it.

Before passing from the statement of these general

propositions, it may be well here to further state, that
while ordinarily in the introduction of evidence, it
should be competent at the time when offered, still if
rendered competent by the subsequent introduction of
other evidence, this is sufficient to correct and cure any
error that might otherwise have existed in the admission
of the evidence first offered. This rule is applicable to
some of the exceptions reserved by the defendant in the
case before us.

Coming now to the objections to testimony which are
insisted on in argument, it is urged by counsel for appel-
lant, that the court erred in permitting the State to
show that the defendant Carrie Collins, went after, and
brought, and delivered to Ben Collins, who did the shoot-
ing, a gun. This was done a short time before the kill-
ing. Counsel say, that if independent of this, a conspir-
acy had been shown, then this circumstance would have
been competent in evidence as tending to show the guilt
of the defendant. But the act itself was competent and
relevant, in connection with other evidence of what pre-
ceded and followed, as tending to show a conspiracy.
Moreover, it was competent as tending to show an aid-
ing and abetting, aside from any previously formed de-
sign or conspiracy entered into by others.

It is urged, that the evidence as to Ben Collins receiv-
ing the gun from Carrie, should have been excluded, as
it was not shown with what intent he took the gun from
her. The question of intent in the bringing of the gun,
on the part of Carrie, and the receiving of it on the part
of Ben, was one for the determination of the jury. And
what we said above may be repeated here, this evidence
was competent independent of any evidence of a pre-
vious conspiracy entered into by these two with others.

There was evidence tending to show a community of
design, in which, the evidence, also, tended to show both
the men Flanagan and Sample participated. It is true,
that the evidence so tending to show these things was
mainly circumstantial, but that is no legal reason for
condemning it. The actions and conduct of Flanagan
at the time, testified to against the objection of the de-
fendant, were proper to be shown in evidence, and the
court committed no error in admitting the same. But

with the statement above of the general rules applicable to the case, and which are sufficient for the purpose of another trial, there is no need of any further discussion of other exceptions reserved to the admission of evidence, as the judgment must be reversed and the cause remanded for error in the charge of the court to the jury. The court in its oral charge, *ex mero motu*, charged the jury, "That she [defendant] was guilty of murder in the first degree, or she was guilty of nothing." This was a charge upon the effect of the evidence, "and not being requested by either party in writing, the giving of it was violative of section 3326 of the Code; and it took from the jury the right and duty to ascertain by their verdict whether the defendant was guilty of murder in the first or second degree, in violation of section 4857 of the Code."—*Gafford v. State,* 125 Ala. 8, 9, and authorities there cited.

The defendant requested the court in writing to charge the jury, "If all the evidence in a case tending to establish the guilt of the defendant can be reasonably reconciled with the theory of the defendant's innocence, then the jury should acquit the defendant." This charge is susceptible of the construction, that if the jury in the present case can reasonably reconcile the evidence in *any* case with the theory of this defendant's innocence they must acquit him, and being susceptible of such construction rendered the charge faulty, and its refusal proper.

For the error pointed out the judgment will be reversed and the cause remanded.

Reversed and remanded.