# Francis *v.* The State.

## *Murder.*

(Decided June 11, 1914.   65 South. 969.)

1. *Evidence; Letters.*—Where a witness identified a letter purporting to be signed by the letters "O. L. T." and the envelope in which the letter was received bore the postmark of the town stated in the date line in the letter, but on the back thereof were the words, "From J. W. T." followed by the name of the town, the letter was properly admitted in evidence against the objection that the envelope purported to come from one party while the letter purported to be signed by another.

2. *Same; Absent Witness; Testimony.*—The testimony of a witness taken down at the preliminary trial by a stenographer, and identified by such stenographer as the testimony of such witness, may be read on the trial, if the witness is beyond the jurisdiction of the court at the time of the trial.

3. *Same; Self-Serving Declaration.*—Statements by defendant made sometime after the shooting explaining and exonerating his acts, are not parts of the res gestæ, but are self-serving and properly excluded when offered on behalf of defendant.

4. *Appeal and Error; Harmless Error; Evidence.*—Where facts are subsequently proven without objection, or are admitted by the other party, any error in excluding evidence of such fact is not prejudicial.

5. *Charge of Court; Covered by Those Given.*—It is not error to refuse requested charges substantially covered by requested charges given.

6. *Same.*—The court having charged that defendant was under no legal obligation to retreat, but could stand his ground and repel the attack, if any was made, the refusal of a charge that defendant had been employed as a night watchman at the place where the difficulty occurred. and was under no obligation to retreat, but could stand his ground, and resist an attack made on him, was not erroneous as the material matteres therein contained had already been given in the other instruction.

7. *Homicide; Self-Defense.*—The belief of accused of imminent danger must be a reasonable belief produced from surrounding circumstances in order to enable him to rely on self-defense.

8. *Same; Instructions.*—A charge asserting that the danger need not be actual, but if the circumstances create in the mind of defendant a reasonable belief that he is in imminent danger of great bodily harm, or of losing his life, he may shoot his assailant to save his own life. omits essential elements of self-defense, and is properly refused.

9. *Same.*—A charge combining some elements which are sought to reduce a homicide to manslaughter, with other elements applicable to the theory of self-defense, is misleading and properly refused.

10. *Same.*—A charge that if defendant did not provoke the difficulty, and when he fired the fatal shot the circumstances were such as to create in his mind the belief that he was in danger of losing his life or of suffering great bodily harm, he must be acquitted, was properly refused for not predicating freedom from fault in bringing about the difficulty; the expression "did not provoke the difficulty" not being the equivalent of freedom from fault.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Jack Francis was convicted of murder, and he appeals. Affirmed.

The following charge was refused to defendant:

(1) I charge you that defendant, having been employed as night watchman at the place where the difficulty occurred, was under no obligation to retreat or run away from his place of business, but that he had a right to stand his ground and resist an attack made on him, if any were made.

Charge A given is as follows:

Defendant in this case was under no legal obligations to retreat from the place where the difficulty occurred, but he had a right to stand his ground and repel an attack, if any such attack was made.

(2) If you believe from all the evidence in this case that defendant had or used more force than was necessary to repel or drive away deceased, but that defendant had the honest and bona fide belief that his life was in danger, or that there was imminent danger of suffering great bodily harm at the hands of deceased and he shot deceased, if defendant was free from fault in provoking the difficulty, then you cannot find defendant guilty of murder.

(3) I charge you that the danger need not be actual, but if the circumstances be such as to create in the mind of defendant the reasonable belief that he is in imminent danger of suffering great bodily harm or of losing his life, he has the right to act on the appearance of

things and shoot his assailant in order to save his own life. And this is true even though as a matter of fact no harm was intended or meant by deceased.

(4) If you believe from all the evidence in this case that if defendant was scared and greatly frightened when he fired the shot, and when he did so he was reasonably impressed with the bona fide belief from the circumstances in the case that he must do something to protect his life and fired the shot without intending to kill deceased, but to protect himself, you cannot find him guilty of murder in any degree.

(5) If you find from all the evidence in this case that defendant did not provoke the difficulty which resulted in the death of Summerfield Hall, and that he did not have to retreat from the place where the difficulty occurred, and if you further find from the evidence in the case that when he fired the shot the circumstances were such as to create in his mind the reasonable belief that he was in danger of losing his life or of suffering great bodily harm, you should acquit.

W. W. MALONE, for appellant. The court was in error in admitting the letter.—*Harris v. State,* 73 Ala. 495. The court was in error in admitting the testimony of the absent witness.—*Thompson v. State,* 17 South. 512; *So. Ry. v. Bonner,* 37 South. 702. Charge 3 should have been given, as it was not substantially covered by any other charge given.—*Thomas v. State,* 106 Ala. 19; *DeArman v. State,* 71 Ala. 351. Charge 5 should have been given.—*Keith v. State,* 11 South. 914; *Naugher v. State,* 17 South. 24. Charge 6 should have been given. *Rogers v. State,* 62 Ala. 174.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The court was not in error in admitting the letter.—*Lowe v. State,*

86 Ala. 47. The letter being in evidence sufficiently shows that the witness was beyond the jurisdiction of the court, and was a sufficient predicate for the introduction of his testimony taken on the preliminary hearing.—*Burton v. State,* 107 Ala. 68; *Lowery v. State,* 98 Ala. 45. ° The statement of defendant was self serving and properly excluded.—*Seams v. State,* 84 Ala. 410. Counsel discuss charges refused, but without citation of authority.

GARDNER, J.—The defendant was convicted of murder in the first degree, and his punishment fixed at life imprisonment. The trial was had on October 3, 1913.

It is first insisted by counsel for appellant that there was reversible error in the admission in evidence by the trial court of the testimony of one O. L. Turley, taken on preliminary trial; said witness being absent on the final trial.

The witness Rankin, one of the counsel for the state, was permitted to testify, without objection, that he examined O. L. Turley as a witness on preliminary trial of this case; that he had a conversation with said Turley in which he said his residence was in Nebraska and his address Freemont, Neb.; that witness told him he would let him know what day to come when the case was set for trial; that said Turley told him he was going to Nebraska; and that he left Athens the next day. It was also proved by witness Strane that he was at the station the next day after the preliminary trial and saw the witness Turley get on the train going north, and that he said he was going to his home in Nebraska; that he has not been seen in Athens or in the county since that time.

The witness Rankin identified a letter received by him purporting to have been signed by said O. L. Turley,

and also the envelope in which it was received. The envelope was postmarked "Freemont, Neb., Aug. 30, 11:30 a. m., 1913." The letter was headed and dated "Freemont, Neb., Aug. 29-13." It purported to be signed by O. L. Turley, and was addressed to J. C. Rankin, attorney at law, Athens, Ala., and its contents clearly indicated that the said Turley would not attend the trial unless furnished transportation by the state. On the back of the envelope were the words: "From J. W. Turley, Freemont, Nebr." The defendant's first objection to the letter being admitted in evidence was upon the specific ground that the envelope purports to come from one J. W. Turley, and the letter purports to be signed by O. L. Turley. We think it clear that this was not sufficient to exclude the letter from evidence. To a question asked witness Rankin as to identification of the letter there was objection upon specific grounds. We have considered each, and we conclude they were not well taken.

The testimony of the witness O. L. Turley which seems to have been taken down at the preliminary trial by a stenographer was identified as his testimony by the stenographer who took the same and was by her read to the jury from her notes, and she testified that it was a correct report of the witness' testimony on preliminary trial. The evidence was admitted by the court.

We are of the opinion that in this there was no error.

"The testimony of a witness on a former trial or prosecution of the defendant, for the same offense, is admissible as evidence against him on a second trial, if the witness is beyond the jurisdiction of the court, whether he has removed from the state permanently, or for an indefinite time."—*Lowe v. State*, 86 Ala. 47, 5 South. 498.

The meaning of the rule is fully discussed and the authorities are reviewed, in the above-cited case. The following cases may also be construed as supporting the ruling of the trial court.—*Burton v. State,* 107 Ala. 68, 18 South. 240; *Lowery v. State,* 98 Ala. 45, 13 South. 435 (second headnote).

Charge 1, refused to defendant, was sufficiently covered by the charge given by the court, designated by us, for convenience, "A," as found on page 47 of the transcript. This suffices as a disposition of this charge, but we do not mean to indicate an approval of the charge as asked.

Charge 2, requested by defendant, was properly refused. The belief of defendant of imminent danger, etc., must be a reasonable belief produced from the surrounding circumstances.—*Storey v. State,* 71 Ala. 329. The charge also appears to be somewhat confused and therefore misleading.

Charge 3 omits other elements essential to self-defense and was properly refused. It goes much further than the charge held good in *Snyder v. State,* 145 Ala. 33, 40 South. 978.

Charge 4 is confusing, as it seems to attempt to combine some elements which are sought to reduce the killing to manslaughter, with other elements applicable to the theory of self-defense. Its tendency was to mislead, and its refusal was not error.

The words found in charge 5, that "he did not provoke the difficulty," as there used, are not, in our opinion, the equivalent of the words, "free from fault," as required by our cases.

Charge 6 was substantially covered by the charge given at the request of the defendant, designated by us, for convenience, "B," as shown on page 45 of the transcript.

Objection of the state was sustained to the question which sought to elicit what was the duty of the defendant, who was night watchman at the cotton mill, and who was on duty as such night watchman at the time of the fatal shooting, and also as to whether defendant had been robbed the night before, and as to his being armed, etc. It is unnecessary that we determine whether or not any of these questions called for relevant and material evidence under the circumstances of this case, for the reason that it was subsequently admitted by the state that the duties of defendant as night watchman were to protect the property of the mill, and the defendant was permitted, without objection, to testify as to his specific duties, his going around the mill, etc., to keep up the fires and to protect the property; that he was always armed while in the discharge of these duties and was required to go armed; and that he had been robbed the night before. The defendant can therefore not complain as to any previous rulings as to such matters—matters which were subsequently admitted in evidence without objection, or were confessed by the state, and which were uncontroverted.

Questions which sought to elicit testimony as to what defendant said, some time after the shooting, by way of explanation and exoneration of the act, were clearly subject to the objection interposed. Such statements were not shown to be a part of the res gestæ, were mere narratives, and came under the condemnation of self-serving declarations.

We have thus briefly made review of those matters argued by counsel which seem to us to merit special mention.

We have given to the record and to each point presented that careful consideration which the importance of the case to this defendant and to the state requires,

and we do not find any reversible error committed by the court below in the trial of this cause. It results that the judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.