# Jennings *v.* The State.

### Assault.

(Decided September 7, 1916.  72 South. 690.)

1. **Criminal Law; Trial; Appointing a Stenographer.**—Although a stenographer appointed in the place of and during the illness of the official stenographer was from the office of an attorney assisting in the prosecution, yet where the bill of exceptions was complete, and there was nothing to indicate that defendant was injured by the substitution, the appointment was proper, and authorized under Acts 1909, p. 265.

[Jennings v. The State.]

**2. Charge of Court; Assuming Facts.**—A charge which assumes the credibility of testimony, or is predicated upon testimony that is in conflict, assuming its truthfulness, was properly refused.

**3. Same; Submitting Law Question.**—Charges which submit to the jury the issue as to what constitutes self defense submits a question of law, and are bad.

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

Willie Jennings was convicted of an offense and she appeals. Affirmed.

J. E. ACKER, and M. SOLLIE, JR., for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—(1) We can see no merit in the objection of the defendant to the court's appointment of a competent stenographer to act in the place of the official stenographer. who was absent and unable to serve on account of sickness at the term of the circuit court at which the defendant was tried. The bill of exceptions recites that the official stenographer, being unable to attend the session of the court on account of sickness, provided the stenographer that was appointed by the court to assist him and report the cases at the term of the court he was providentially hindered from attending. This is authorized by the act of August 26, 1909, providing for the appointment of official stenographer for the circuit courts.—Acts 1909, p. 265, § 4. The completeness of the bill of exceptions attests the competency of the stenographer reporting the case, and nothing appears to indicate that the defendant was in any way injured by the substitution, and it was no valid objection to her selection that she was a stenographer in the office of an attorney who was employed to assist in the prosecution against the defendant.

The bill of exceptions shows that several rulings of the court were invoked on the admission of evidence, but only a few exceptions were reserved by the defendant to the rulings made. The evidence to which objections were made and exceptions reserved to the court's rulings relate entirely to matters testified to that were clearly admissible as circumstances contemporaneous with the main act, i. e., the assault committed by defendant on the assaulted party, and for which she was being tried.—*Collins v.*

*State,* 138 Ala. 57, 34 South. 993. If some of this evidence was not prima facie admissible as part of the res gestæ, it was subsequently shown to be admissible as part of the res gestæ of the transaction by the introduction of the necessary preliminary or connecting proof.—*McCoy v. Watson,* 51 Ala. 466; *Collins v. State, supra.*

(2, 3) The written charge refused· to the defendant was objectionable in being calculated to confuse and mislead the jury, in that it predicates as an undisputed proven fact the use of opprobrious words by the assaulted party, when this fact was in sharp conflict in the evidence. A charge assuming the credibility of testimony, or predicated upon testimony that is in conflict, assuming its truthfulness, is properly refused.—*Davidson v: State, ex rel. Woodruff,* 63 Ala. 432; *Thomas v. Smoot,* 2 Ala. App. 407, 56 South. 1. The charge is also bad in submitting to the jury a question of law as to what constituted self-defense (*Miller v. State,* 107 Ala. 40, 19 South. 37; *Stockdale v. State,* 165 Ala. 12, 51 South. 563; *Robertson v. State,* 183 Ala. 43, 58, 62 South. 837), and is otherwise faulty.   ·

Affirmed.