# Scott *v.* The State.

### Assault with Intent to Murder.

(Decided October 19, 1916.   73 South. 212.)

1. **Appeal and Error; Harmless Error; Evidence.**—Where the testimony excluded was as to facts established by other uncontradicted evidence, including that of the prosecuting witness, the exclusion was harmless.

2. **Assault with Intent; Evidence.**—Where the charge was assault with intent to murder growing out of a dispute over a dam placed by the prosecuting witness on his land, causing defendant's land to flood, evidence offered by defendant that previous to the difficulty, defendant's father had seen an attorney about bringing a civil action to recover for placing the dam, was irrelevant and immaterial.

3. **Trial; Reception of Evidence.**—A question to a witness to state anything further he might have to state, was too general, and an objection thereto was properly sustained.

4. **Evidence; Undisclosed Motive.**—The undisclosed purpose of a witness in going to the place of difficulty with defendant and his relatives, is not a proper subject of evidence.

5. **Same.**—A witness cannot testify as to the motive of a defendant in going to the place of the difficulty, since such evidence would be either heresay, or testimony as to a matter not within the knowledge of the witness.

6. **Same; Self Serving Declaration.**—Self serving declarations of a defendant not within the res gestae are not admissible in evidence.

7. **Assault with Intent; Evidence; Peace Proceedings.**—The fact that a short time before the difficulty some member of defendant's family had taken out peace proceedings against the prosecuting witness, which had been dismissed on his promise to let defendant alone, was not proper evidence where it was not shown that such proceedings had been known to defendant.

8. **Witnesses; Impeachment.**—Where no proper predicate was laid it was not error to sustain questions propounded for the purpose of impeaching the witness.

9. **Assault with Intent; Instructions.**—Where there was no issue as to the right of defendant to carry arms, concealed or otherwise, for his defense, it was not necessary to charge on such issue.

10. **Appeal and Error; Harmless Error; Instructions.**—Error cannot be predicated on an oral explanation by the court of an abstract charge given at defendant's request.

11. **Charge of Court; Request for.**—Where no request was made for a charge as to such exceptions, a defendant cannot complain that oral explanations of a charge given at his request, correct in themselves, were misleading because they did not state the exceptions to the general rule.

12. **Appeal and Error; Review; Presumption.**—Where the bill of exceptions sets out only an excerpt from the oral charge, it will not be presumed that the court in portions of the charge not set out failed to state the exceptions that might mitigate or justify the offense.

APPEAL from DeKalb Circuit Court.
Heard before Hon. W. W. HARALSON.
Wallace Scott was convicted of an assault with intent to murder, and he appeals. Affirmed.

HUNT & WOLFES, ISBELL & SCOTT, and M. W. HOWARD, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was indicted and convicted of the offense of an assault with intent to murder and given a sentence of two years in the penitentiary.

The undisputed evidence shows that the defendant and the assaulted party occupied and conducted adjoining farms; that the assaulted party had erected a dam across a ditch on his land (or land rented and occupied by him), which caused water to flow upon the lands of the defendant, and engendered bad feeling between the parties; that on a certain Sunday in April, 1914, the defendant, accompanied by some of his relatives, went to the place where the dam had been constructed; that an altercation took place between the parties which was participated in by the families or relatives on both sides; that, in fact, there was a pitched battle, in which rocks, guns, pistols, and opprobrious words were freely used, resulting in the party who is alleged to have been assaulted being shot in the arm and some other part of the body, but just what part is not made clear by the evidence as set out in the bill of exceptions. The testimony of the state tends to show that the defendant and his relatives who accompanied him to this place were the aggressors and entirely at fault in bringing on the difficulty. The testimony introduced in behalf of the defendant has a contra tendency.

(1) The assaulted party, the prosecuting witness William McPherson, had testified that he had erected the abutment, or dam, and there was no conflict in the evidence as to this, and to the fact, testified to by the defendant, that the dam caused the water from the ditch to flow on the lands of the defendant. The ruling of the court, therefore, in not permitting the witness Mack

[Scott v. The State.]

McPherson to testify to these facts, if error, was without injury. —*Murphy v. State*, 118 Ala. 137, 23 South. 719; *Descrippo v. State*, 8 Ala. App. 85, 62 South. 1004; *McGuire v. State*, 3 Ala. App. 40, 58 South. 60.

(2) The court properly sustained the solicitor's objections to questions propounded by defendant's counsel to the defendant's witness Tom Scott, the father of the defendant, seeking to elicit facts going to show that he had, some time previous to the difficulty, been to see an attorney about bringing a civil action against McPherson for placing the abutment or dam in the ditch. This testimony had no bearing on the case and was clearly irrelevant and immaterial.

(3) The question put to the defendant when being examined as a witness in his own behalf, "If you have anything further to state about this case, go on and state it," was too general, and there was no error in sustaining the solicitor's objection to it.— *Phillips v. State*, 162 Ala. 14, 50 South. 194; *Ross v. State*, 139 Ala. 144, 36 South. 718.

(4, 5) Why, or for what undisclosed purpose, the witness Smart went to the embankment with the Scotts, was clearly not legal evidence. The question called for an undisclosed motive. Nor was it admissible to permit this witness to testify to the motive or purpose of Scott in going to the place where the embankment or dam had been erected. Such evidence would be purely hearsay, or the cognition of another, to which a witness cannot testify.—*Bailey v. State*, 107 Ala. 151, 18 South. 234; *L. & N. R. R. Co. v. Perkins*, 165 Ala. 471, 474, 51 South. 870, 21 Ann. Cas. 1073.

(6) The question asked the witness Bill Smith as to an invitation extended to him by one of the Scotts to go down and view the embankment called for a self-serving conversation clearly not a part of the res gestæ of the offense charged against the defendant, and the court properly refused to permit the question to be answered.

(7) The fact that, a short time before the difficulty, some of the Scotts had taken out peace proceedings against Bill McPherson, and that they had been abandoned and dismissed on McPherson's promise to "let the Scotts alone," had no legitimate tendency to prove the guilt or innocence of the defendant, Wallace Scott (who is not even shown to have been cognizant of the transaction), of the crime charged against him, and the court

was not in error in refusing to permit the introduction of this evidence.

(8) The court cannot be put in error for sustaining the objections to the questions propounded to the witness "little" Tom Scott seeking to impeach the witness Mack McPherson, as no proper predicate was laid.—*Sexton v. State,* 13 Ala. App. 84, 69 South. 341.

(9-12) Charges given to the jury should have reference to the evidence in the case and questions arising out of it, and must be construed in that connection.—*Carter v. Chambers,* 79 Ala. 223; *Higdon v. Fields,* 6 Ala. App. 290, 60 South. 594. Courts are not required to instruct juries on matters of law not involved in the issues in the trial, nor to give instructions not based on facts in proof.—*Handy v. State,* 121 Ala. 13, 39, 25 South. 1023. No issue involving the right to carry arms for defensive purposes, nor any question involving weapons, or the exculpatory facts stated in the statute as mitigating or justifying such a carrying, was before the court. The defendant was on trial charged with an assault with intent to murder. No issue embracing the defendant's right to carry arms concealed, or otherwise, being within the questions before the court for determination, the court was under no obligation to give the written charge requested by the defendant on the right to bear arms for defensive purposes.—*Hall v. State,* 130 Ala. 45, 30 South. 422. Being abstract, and injected at the instance of the defendant, prejudicial error affecting the substantial rights of the defendant cannot be predicated upon the court's oral explanation of the charge based on the statute against carrying concealed weapons, that "no man has a right to carry arms concealed," because (as the defendant contends) the court did not go farther and amplify the rule by stating the exculpatory facts that might be given in mitigation or justification of the offense. Even if the written charges were applicable to any issue in the case, the oral explanation was entirely correct as far as it went, and, if deemed to be misleading in not going further and stating the exception to the general rule, this could have been corrected by a counter, or additional, charge, which it was the defendant's duty to request.—*Rutledge v. Rowland,* 161 Ala. 114, 49 South. 461; *B. R. L. & P. Co. v. Cockrell,* 10 Ala. App. 578, 65 South. 704. The bill of exceptions does not purport to set out all of the oral charge of the court to the jury; but only an excerpt, to which objection was made and

exception reserved. It will not be presumed, in order to put the court in error, that the court, in other portions of its oral charge, failed to state the defendant's side of the case; that is, state the exceptions that might mitigate or justify the offense, if such issues were before the court.—*Alabama Great Southern Ry. Co. v. Sanders,* 145 Ala. 449, 457, 40 South. 402. However, as we have stated, this was not an issue in the case, and there was no evidence adduced upon the trial in connection with which the explanatory charge could be construed, and therefore it cannot form a basis for error prejudicial to the rights of the defendant.

The record presents no question showing reversible error, and an affirmance must be ordered.

Affirmed.