(79 South. 266)

GRIZZARD v. STATE. (7 Div. 488.)

(Court of Appeals of Alabama. April 2, 1918. Rehearing Denied June 29, 1918.)

1. HOMICIDE ☞169(1) — EVIDENCE — IMMATERIALITY.

In prosecution for manslaughter, it having been shown killing was done at defendant's home at about 4 in afternoon, testimony deceased had gone across river that morning with witness and gotten whisky, etc., was properly excluded as immaterial and irrelevant.

2. HOMICIDE ☞339 — APPEAL — HARMLESS ERROR—EVIDENCE.

In prosecution for manslaughter, exclusion of evidence of drunken condition of deceased on a former occasion, when it was testified he made a threat against defendant's life, was harmless, and, if error, was to defendant's benefit.

3. CRIMINAL LAW ☞829(1)—INSTRUCTIONS—REPETITION.

Charges covered by the court's general charge or those given at defendant's request were properly refused.

4. HOMICIDE ☞300(5)—INSTRUCTION—SELF-DEFENSE—INVOLVED CHARACTER.

In prosecution for manslaughter, charge that, even though deceased had no gun at time of shooting, yet, if he was apparently reaching for a gun, and was saying to defendant he had a gun, etc., defendant, if in his own house, was under no duty to retreat *held* properly refused as involved.

5. HOMICIDE ☞116(4) — SELF-DEFENSE — APPEARANCES.

If appearances produced in defendant's mind honest belief it was necessary to kill deceased to save his own life, or himself from great harm, appearances being such as to impress mind of reasonable man with necessity to take life, defendant was justified in killing deceased, if free from fault, and at his own house.

6. HOMICIDE ☞116(5) — SELF-DEFENSE — APPEARANCES.

Defendant, in shooting one with whom he had a difficulty, had a right to act on appearances; the other reaching toward the corner of the house and saying he had a gun there.

7. CRIMINAL LAW ☞945(2) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — MANSLAUGHTER.

In manslaughter case, where court gave defendant all he was entitled to by contention that appearances justified belief deceased had gun, discovery after trial witnesses would have testified that before killing deceased was seen going toward defendant's house was not sufficient to authorize new trial.

8. CRIMINAL LAW ☞938(1) — NEW TRIAL — FURTHER IMPEACHMENT.

Undiscovered evidence, tending further to impeach testimony of state's witness, who had already been impeached and contradicted by several witnesses, is not sufficient to warrant new trial of defendant for manslaughter.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. CRIMINAL LAW ⬅️854(9)—MISCONDUCT OF JURY—FAILURE TO REMAIN TOGETHER.

Jury's failure, while in the courtyard and with the bailiff, to remain in compact mass, five of them being about 25 feet from others, is not such misconduct as will warrant setting aside verdict of guilty of manslaughter.

Appeal from Circuit Court, Cleburne County; Hugh D. Merrill, Judge.

Columbus Grizzard was convicted of manslaughter, and he appeals. Affirmed.

The following charges were refused to defendant:

(4A) Even though deceased had no gun at the time of the shooting, yet if he was apparently reaching for a gun, and was saying to defendant that he had a gun, and the circumstances were such as to impress defendant as a reasonable man, and did so impress him, that deceased had a gun, and that he was threatening to, and was likely to, shoot defendant, then defendant, if he was in his own house, was under no duty to retreat, and was free from fault in bringing on the difficulty, but had a right to stand his ground, and to shoot deceased, and you should acquit him.

(8) If the appearances were such as to produce in the mind of defendant the honest belief that it was necessary for him to kill deceased, to save his own life, or himself from great bodily harm, then he was justified in killing deceased, provided he was free from fault in bringing on the difficulty, and was at his own house.

The defendant was tried on an indictment charging murder in the first degree, was convicted of manslaughter, and from the judgment he appeals.

Willett, Willett & Walker, of Anniston, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] It having been shown that the killing was done at the defendant's home about 3 or 4 o'clock in the afternoon, the fact that deceased had gone across the river that morning with witness and gotten some whisky, or as to when and where they got whisky before going to defendant's house, was immaterial and irrelevant to any issue presented, and therefore the objections of the state were properly sustained.

[2] The exclusion of the evidence of the drunken condition of deceased on a former occasion, when it was testified he made a threat against the life of defendant, was without injury to the defendant, and, if error, was to his benefit.

[3-8] Charges 1A, 2A, 4, 5A, and 6A were covered by the court's general charge, or the charges given at the request of the defendant. Charge 4A is involved, and charge 8 is bad, because it fails to hypothesize that the appearances were such as to impress the mind of a reasonable man with the necessity to take life. The motion for a new trial was properly overruled. There is no pretense that the deceased had a gun at or near at hand, nor is it contended that he had a gun in his hand at the time he was shot by the defendant. Defendant contends and testified that deceased reached towards the corner of the house and said he had a gun there. The defendant claims to have acted on appearances and fired. He had a right to act on appearances, and the question of whether the deceased was seen going in the direction of defendant's house earlier in the afternoon was not material. The court by its charges gave the defendant everything he was entitled to by reason of this contention. Hence the fact that it was discovered after the trial that two witnesses would have testified that a short time before the killing deceased was seen going in the direction of defendant's house is not sufficient to authorize the granting of a new trial. The undiscovered evidence further tending to impeach the testimony of a state's witness who had already been impeached and contradicted by several witnesses is not sufficient to warrant the granting of a new trial.

[9] The fact that the jury trying the case, while in the courtyard and with the bailiff, did not remain in a compact mass, but at one time five of them were about 25 feet from the others, is not such misconduct of the jury as will warrant setting aside the verdict.

There is no error in the record, and the judgment is affirmed.

Affirmed.