(104 So. 875)

MOODY v. STATE.   (8 Div. 329.)

(Court of Appeals of Alabama.   June 30, 1925.)

**1. Intoxicating liquors ⬤═▷238(1)—Refusal of general affirmative charge for defendant not error, where evidence sufficient to sustain verdict.**

In liquor prosecution, refusal of general affirmative charge for defendant was not error, where evidence was sufficient to sustain conviction.

**2. Criminal law ⬤═▷789(18)—Charge on reasonable doubt held properly refused.**

In liquor prosecution, charge that if, after a consideration of all the evidence, there was a single fact proved to jury's satisfaction which was inconsistent with defendant's guilt, then it was sufficient to raise a reasonable doubt of his guilt, and jury should find him not guilty, held properly refused.

**3. Criminal law ⬤═▷809—Charge which was incomplete and meaningless held properly refused.**

In liquor prosecution, charge that defendant could not be convicted "unless evidence excluded, to a moral certainty, every reasonable hypothesis but that of defendant's guilt," and, "no matter how strong circumstances are, they do not come up to full measure of proof which law requires, if they can be reasonably reconciled with the theory that the defendant," held properly refused, as being incomplete and meaningless.

**4. Criminal law ⬤═▷782(13)—Charge that defendant would not be guilty, if facts showed that some other person had done the act, held properly refused.**

In liquor prosecution, charge that, if facts could be reconciled with theory that some other person may have done the act, defendant's guilt was not shown by full measure of proof which law required, held properly refused, since guilt of another would not exclude possibility of defendant himself being also guilty.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Houston Moody was convicted of violating the prohibition law, and he appeals. Affirmed.

These charges, requested by defendant, were refused:

"(2) I charge you, gentlemen of the jury, that if, after a consideration of all the evidence there is one single fact proved to your satisfaction which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and you should find him not guilty.

"(3) The court charges the jury that. the defendant in this case is charged with a felony, and that he should not be convicted, unless the evidence excludes, to a moral certainty, every reasonable hypothesis but of the defendant's guilt; no matter how strong the circumstances are, they do not come up to the full measure of proof which the law requires, if they can be reasonably reconciled with the theory that the defendant.

"(4) I charge you that, no matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the defendant is not shown by the full measure of proof which the law required."

Bradshaw & Barnett, of Florence, for appellant.

Counsel argue for error in refusal of charges, and cite Simmons v. State, 158 Ala. 8, 48 So. 606; Walker v. State, 153 Ala. 31, 45 So. 640; Hobdy v. State, 20 Ala. App. 44, 100 So. 571; McKenzie v. State, 19 Ala. App. 319, 97 So. 155; Pickens v. State, 115 Ala. 42, 22 So. 551; Ex parte Acree, 63 Ala. 234.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in refusing defendant's requested charges. Anderson v. State, 19 Ala. App. 120, 96 So. 634; Ex parte Hill, 211 Ala. 311, 100 So. 315.

RICE, J. The defendant was convicted of the offense of distilling, etc., and appeals.

[1] It would serve no good purpose to discuss the evidence. We have carefully examined same, and are of the opinion that it was sufficient to support the verdict returned. There was therefore no error in refusing to give, at defendant's request, the

general affirmative charge in his favor, as to the indictment as a whole, or either count thereof.

[2] Written charge 2, requested by defendant, was properly refused. Arnold v. State, 18 Ala. App. 453, 93 So. 83.

[3] Written charge 3, requested by defendant, is incomplete and meaningless, and its refusal was proper.

[4] Defendant's written charge 4 was properly refused, for the reason that the guilt of another did not exclude the possibility of the defendant himself being also guilty. Ex parte Hill, 211 Ala. 311, 100 So. 315.

The other exceptions reserved by defendant have each been examined, and in each instance we find same without merit.

There being no prejudicial error in the record, the judgment is affirmed.

Affirmed.