171 So. 895.

GRAHAM et al. v. STATE.

6 Div. 843.

Supreme Court of Alabama.

Jan. 7, 1937.

Motion to Set Aside Reversal Denied Jan. 21, 1937.

388

■■■■■■■■■■■■■■■■■■

Earney Bland and K. J. Griffith, both of Cullman, for appellants.

A. A. Carmichael, Atty. Gen., for the State.

BROWN, Justice.

The appellants were indicted jointly, the indictment charging, in two counts, murder in the first degree. On their trial they pleaded not guilty, and the jury returned the following verdict: "We, the jury, find the defendants guilty as charged." On this verdict the court adjudged them each guilty "of murder in the second degree" and sentenced W. E. Graham and Jim Chappell for a term of thirty years' imprisonment in the penitentiary, and sentenced Frank Graham for a term of ten years.

■ The verdict does not ascertain the degree of murder of which the defendants are guilty, nor fix the punishment, as required by the statute, and is therefore insufficient to support the judgment of the court. Code 1923, § 4457; Cobia v. State, 16 Ala. 781; Howerton v. State, 191 Ala. 13, 67 So. 979; Jackson v. State, 226 Ala. 72, 145 So. 656; Roberson v. State, 175 Ala. 15, 57 So. 829.

■ The witness Butler, offered by the State, testified as to what occurred between the deceased and the defendants Frank and Ethel Graham at Vogel's garage. During the examination of the defendant Ethel Graham, his counsel sought to elicit from him what, if anything, was said by deceased in respect to "Jim Chappell and the meat" at Vogel's garage in the transaction testified to by Butler. The court sustained the State's objection to the evidence, and in this committed error. The State having offered part of the transaction, the defendant was entitled to show it all, or give his version thereof. Williams v. State, 103 Ala. 33, 15 So. 662.

■ We are also of the opinion that the court erred in sustaining the State's objection to questions eliciting evidence of what was said and done by and between defendants Chappell and Frank Graham, while Chappell was leaving the scene of the difficulty and Frank Graham was going to the place of the difficulty. This was so clearly connected with the main fact in issue—the fight—as to be a part of the res gestæ thereof, and had a tendency to shed some light thereon. Ward v. Lane, 189 Ala. 340, 346, 66 So. 499; Masterson v. Phinizy, 56 Ala. 336; Louisville & Nashville Railroad Co. v. Pearson, Adm'r, 97 Ala. 211, 215, 12 So. 176.

The other questions presented on the record appear to be without merit. For the errors noted, let the judgment of conviction be reversed. The defendants will remain in custody until discharged by due course of law.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Motion of the State to Set Aside the Judgment of Reversal.

BROWN, Justice.

There is an absence of averment in the motion that the judgment of the circuit court as it appeared on the minutes of the court is not properly transcribed in the record here. If this is true, it would be necessary to set aside the judgment of reversal, and the submission, and allow time for making a motion in the trial court to amend the judgment nunc pro tunc, so as to incorporate in the judgment the alleged true verdict.

While the alleged clerical error in the record should have been noticed and corrected before submission of the case, nevertheless the court would be inclined to grant the motion if the insufficiency of the verdict was the only error on which the case was reversed.

■ The Attorney General, however, insists that the bill of exceptions does not purport to set out all the evidence; therefore, the court should presume that evidence was admitted that cured the error of the court in excluding the items of evidence, and a number of decisions of the Court of Appeals so holding is cited.

This identical question was reviewed in Liberty Nat. Life Ins. Co. v. Collier et al., 228 Ala. 3, 154 So. 118, where such ruling of the Court of Appeals was reversed.

The question is governed by Rule 32 of Circuit Court Practice, which provides:

"Bills of exceptions taken in trials before a jury shall not contain a statement of the testimony, nor of any portion thereof, in extenso, except in one of the following cases:

"(1) When the general charge is asked in good faith, to be judged of by this court.

"(2) When the inquiry questions the legality or pertinency of a question to a witness, or his answer; *in which case, enough of the testimony, or the tendencies of the testimony, may be stated,* to show the legality or pertinency of the question or answer, or to show the contrary." (Italics supplied.)

The rules and principles of the law of evidence applicable to civil proceedings are also applicable to criminal trials, except as to the burden and quantum of proof. Ex parte Messer, 228 Ala. 16, 152 So. 244, and cases therein cited.

The motion of the State to set aside the judgment of reversal is therefore due to be denied. It is so ordered by the court.

Motion denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.