36 So.2d 347

## CAULEY v. STATE.

### 4 Div. 48.

Court of Appeals of Alabama.

April 20, 1948.

Rehearing Denied May 11, 1948.

E. O. Baldwin and Jas. M. Prestwood, both of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

562

CARR, Judge.

The defendant in the court below was indicted for murder in the first degree and convicted of murder in the second degree. Admittedly he shot Milford Gautney once with a sixteen gauge shotgun.

The prime factual issues center around the doctrine of self defense, which the appellant claimed.

■ The shooting occurred inside a roadhouse, Pineview. The accused was a joint operator of the place. His connection with the enterprise was such that he was relieved from the duty to retreat in respect to one of the elements of self defense. The deceased was a customer or visitor. At least, he came there before noon and remained until about midnight of the same day, at which latter time he was killed.

It may be said with confidence and accuracy that excessive consumption of intoxicating liquors played a very important part in the ultimate outcome of the visit. In this regard, it appears that the deceased was the most culpable of any of the group.

We will not attempt to set out the detailed tendencies of the evidence. In our effort to illustrate our conclusions on points for review, we will make reference to segments of the disclosed facts.

■ The trial below began fourteen days after the commission of the offense. A continuance was requested by the defendant on the ground that sufficient time had not been allowed to prepare for trial. This addressed itself to the enlightened discretion of the presiding judge. A fair and just trial depended in the main upon a full disclosure of what occurred during the time the appellant and the deceased were together at the roadhouse on the afternoon and night in question. All witnesses to these facts were available and testified in the cause. We do not conclude that the judge abused his discretion in denying the continuance. Morris v. State, 193 Ala. 1, 68 So. 1003; Adams v. State, ante, p. 136, 31 So.2d 99; Avery v. State, 237 Ala. 616, 188 So. 391.

■ The funeral director or mortician testified that he had been in the business continuously for over twenty-five years and had handled many dead bodies where death was caused by gunshot wounds. He also gave a detailed description of the nature and character of the infliction on the body of the deceased, and stated as his opinion that death was caused therefrom. The appellant's objections cannot avail here. Hicks v. State, 247 Ala. 439, 25 So.2d 139; Thomas v. State, 249 Ala. 358, 31 So.2d 71.

■ In any event the cause of death did not become a disputed factual issue. The gun load—from close range—entered the left side of the deceased's breast, and after going just outside the building he died forthwith.

■ The State, over the objections of appellant, introduced photographs of parts of the inside of the roadhouse and some

of the outside. These were taken soon after the killing and without any dispute in the evidence depicted the scenes substantially as they were at the time of the main event. The authorities approve the introduction of exhibits of this kind. Pilley v. State, 247 Ala. 523, 25 So.2d 57; Blue v. State, 246 Ala. 73, 19 So.2d 11.

■ The objection to the introduction of the photographs only takes the position that because the view of the entire inside of the building is not seen the picture should not be allowed in evidence. We fail to grasp the importance and significance of this insistence. They show that portion which in any manner related to the material facts of the case.

■ What we have said applies with equal force to the introduction of a sketch or map of the locale.

■ It is not a conclusion of a witness to answer whether or not two persons appeared to be friendly. Pollard v. Rogers, 234 Ala. 92, 173 So. 881.

On cross examination of the accused the record discloses:

"Q. Who's shot gun is that? A. Grover Harrelson's.

"Q. Isn't that your shot gun? A. No, sir.

"Q. That isn't the shot gun that was down at Skyline Cafe at Opp that belonged to you? A. No, sir.

"Q. And that is not the same gun you used down there, is it?"

■ Objections were interposed to the last question and appellant moved for a mistrial. The court sustained the objection and very emphatically instructed the jury that it should not in any manner be concerned with the use of the gun elsewhere. The motion for a mistrial was denied.

It is not entirely clear to us just what the solicitor was inquiring about. It could be taken that the question referred to a gun that was kept in the cafe at Opp for the general use of the appellant. It does not necessarily imply that the defendant had shot some person at a prior time. A

feeling of safety and security is afforded when we know that guns are used on occasions other than for the purpose of shooting people.

Be this as it may, it is our view that we should not charge error for the action of the court in the matter.

After the appellant had testified in his own behalf, the State introduced a number of witnesses, each of whom stated that the general character of the accused was bad. The solicitor made known to the court that this line of testimony was presented solely for the purpose of affecting the credibility of the defendant as a witness in the cause. The trial judge so instructed the jury and allowed the proof over appellant's objection.

■ In brief of counsel the position is urged that this inquiry should have been confined to a time prior to the commission of the offense. This ground was not stated in any of the objections. In fact, no grounds at all appear. McCray v. Sharpe, 188 Ala. 375, 66 So. 441; Freeman v. State, 21 Ala.App. 433, 109 So. 172.

As a matter of information, we refer to our case of Adams v. State, Ala.App., 31 So.2d 99,[1] in which we discussed the question upon which insistence is made in brief. See also, Cooley v. State, 233 Ala. 407, 171 So. 725.

■ Among the articles found inside the building were some sixteen gauge shotgun shells and pieces of gun shell wadding. Before the body of the deceased was moved, the officers took a pocket knife from his pocket and a cigaret which was clutched between the fingers of his right hand. The State made the required proof of the continued custody of these articles. This was the only ground assigned as a basis for the objection to their introduction.

■ Over appellant's objection the court allowed some answers to questions propounded to defendant's witnesses on cross examination. There was no abuse of the wide latitude incident thereto. Peterson v. State, 32 Ala.App. 439, 27 So.2d 27; White v. State, 24 Ala.App. 442, 136 So. 420.

---

[1] Ante, p. 136.

We have omitted to discuss some matters which arose during the time the introduction of the evidence was in progress. These relate to questions that do not merit treatment or to incidents where no grounds are assigned to the objections.

We come now to consider the written instructions which were refused to appellant.

■ Clearly the accused was not entitled to the general affirmative charge, and under no aspect of the evidence would a conviction for manslaughter in the second degree have been warranted. Charges 1 and 20 were, therefore, properly refused.

■ Charge 2 invades the province of the jury. Hudson v. State, 217 Ala. 479, 116 So. 800; Moody v. State, 21 Ala.App. 30, 104 So. 875.

■ Refused instruction No. 3 omits to predicate the apprehension of impending death or great bodily harm upon the honest or bona fide belief of the defendant as a reasonable man. Ragsdale v. State, 12 Ala. App. 1, 67 So. 783.

■ If not otherwise faulty, charges 4 and 6 are merely argumentative.

■ Charge 5 omits the essential element of freedom from fault and is also predicated on facts that are in dispute in the evidence. Pounds v. State, 15 Ala.App. 223, 73 So. 127; Jennings v. State, 15 Ala. App. 116, 72 So. 690.

■ Instruction numbered 7 fails to hypothesize that the appearance of danger was such that the mind of a reasonable man would have been impressed with the necessity to take the life of the deceased. Grizzard v. State, 16 Ala.App. 505, 79 So. 266.

■ Justice Gardner pointed out in the opinion in Francis v. State, 188 Ala. 39, 65 So. 969, 971, that the words "he did not provoke the difficulty" are not the equivalent of "free from fault".

■ The evidence for the State supported the theory and contention that the deceased was walking away from the defendant at the time the shot was fired. The "reasonable apprehension of great personal violence" made the premise for charge 9 may have related to prior conduct on the part of the dead man. The defendant must entertain a reasonable or honest belief which must be based on the action and appearance of the deceased as of the time the fatal shot was fired. This criticism of a very similar charge is pointed out in McGhee v. State, 178 Ala. 4, 59 So. 573.

Refused charge Number 10 has been reviewed by our appellate courts in a comparatively large number of decisions. It was approved in the early case of Keith v. State, 97 Ala. 32, 11 So. 914. The court departed from this holding and so stated in Goodwin v. State, 102 Ala. 87, 15 So. 571. Most of the authorities have condemned the charge on account of its omission of the duty to retreat. The case at bar will not permit this condemnation. Our careful investigation has led us to some cases in which the criticism is not based solely for this reason.

■ In Davis v. State, 214 Ala. 273, 107 So. 737, 741, concerning the instant instruction it was said "it omitted to state that the belief of necessity to kill must be honestly entertained as well as reasonable."

■ Refused charge 21 in Bluett v. State, 151 Ala. 41, 44 So. 84, 89, is identical in verbiage to the instant charge except in the Bluett case the element of freedom from fault is omitted. The court observed this omission but added as additional reason for disapproval that it "failed to hypothesize the defendant's belief in the imminency of his peril."

In our view the instruction has also the fault of omitting to predicate the "reasonable belief" of the defendant on that of a reasonable man. Grizzard v. State, supra.

■ The propriety of the refusal of charge 12 is illustrated in Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804.

■ The defendant had opened his place of business to the public and it nowhere appears in the evidence that the deceased was a trespasser. Therefore, charge 13 is predicated on a false premise.

■ Charges 14, 15, and 16 omit the essential element of freedom from fault.

■ Charge 18 is abstract. Scott v. State, 15 Ala.App. 267, 73 So. 212.

Refused charge 19, if it had been given, would have invaded the province of the jury under the disputed facts in the case. Also, it contains the expression "did not provoke the difficulty." In this respect what we observed with reference to refused charge 7, supra, has application.

We have given diligent consideration to the record of this appeal, and we do not find any prejudicial error apparent therein.

It is ordered that the judgment at nisi prius be affirmed.

Affirmed.

## On Rehearing.

On application for rehearing in this cause, it is claimed that we went outside the record when we referred to the place where the homicide occurred as a "roadhouse." We did not intend to cast any reflections on the character and nature of the defendant's place of business, as counsel seems to conclude. The evidence discloses that the place in question was operated by the side of the road or highway. It was not a house in the sense that a dwelling is denoted. It does appear that there was a bed in the kitchen department which was used at times by the owner or employees. A fair description of the nature of its operations is: A small restaurant or cafe and space for dancing. Some groceries, tobaccos, etc., were kept for sale.

It is insisted also that our statement that "the deceased was a customer or visitor" does not find support in the record. It is true that there was no specific testimony that the deceased actually made any purchases during the time he was there. We have no way of knowing the purpose or object of his visit. This uncertainty prompted us to follow the above quoted statement with "at least he came there before noon and remained until midnight of the same day, at which latter time he was killed."

Counsel in application for rehearing says this: "As we understand the law, in criminal cases, there is no necessity for assigning grounds when an objection is made because if there is error in the admission or rejection of testimony, it is the duty of the court to so hold and as pointed out in our brief on submission, there are some rulings of the court that certainly were prejudicial to appellant."

It is evident that counsel has misinterpreted the provisions of Section 389, Title 15, Code 1940.

It is true that in criminal cases the appellate courts "must consider all questions apparent on the record or reserved by bill of exceptions (now transcription of testimony, we interpolate), and must render such judgment as the law demands." This is not construed to mean that a review will be made of questions which are not properly raised.

This court and the Supreme Court have held time and time again in criminal cases that to save the benefit of a ruling at nisi prius on the admission of testimony timely objections must be interposed to the questions and that appropriate grounds of objections must be stated in support thereof. 6 Alabama Digest, Criminal Law, ☞695(4).

To respond to other matters which are urged in the application for rehearing would be in effect a reiteration and a repetition of what was said in our original opinion.

The application for rehearing is overruled.