36 So.2d 452

**NIX v. STATE.**

**5 Div. 247.**

Court of Appeals of Alabama.
May 11, 1948.

Rehearing Denied June 1, 1948.

J. Sanford Mullins and Sim S. Wilbanks, both of Alexander City, and Jacob A. Walker, of Opelika, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh· F. Culverhouse, Asst. Atty. Gen., for the State.

CARR, Judge.

On an indictment charging robbery, the appellant was convicted of grand larceny.

The evidence for the State tends to disclose that the accused went to the home of an old Negro man by the name of Ned Banks. Under the pretense of being a law enforcement officer and claiming to have some infractions against him, the appellant took the old man in a car and the two journeyed on a rather circuitous route. During the trip the defendant proposed to Ned that if the latter would pay him $100 the whole matter would be dropped. This

was agreeable, and the two returned to the home of the aged Negro. Upon arrival Ned directed his wife, Emma, to get the amount demanded and pay it to the appellant. This was done.

The defendant admitted that he made the trip as indicated, but he denied that he impersonated an officer or that he in any manner received the $100 or any part thereof.

■ Insistence is made by counsel that we should base error because the trial court disallowed the appellant to make proof of some parts of the conversation between the accused and Ned Banks at the latter's home on the occasion of the visit in question. We agree that the court did not give full effect to the rule which provides that where part of a conversation is brought into the evidence by one of the parties, the other party should have the right and privilege of proving the whole of such conversation or his version with reference thereto. Graham et al. v. State, 233 Ala. 387, 171 So. 895; Campbell v. State, 32 Ala.App. 461, 27 So.2d 220.

We think, also, that the doctrine of res gestae was not strictly observed by the rulings of the court. 6 Ala., Dig., Criminal Law, ☞363 and 364.

■ We have given very careful study and consideration to the record in this particular. It is our considered conclusion that we should not order a reversal on this account. The inquiry in some instances related to matters that could not have in any manner aided the appellant in his defense. In most of the cases about which complaint is made what was sought to be shown was fully disclosed either at a subsequent or prior time during the course of the proceedings. Powell v. State, 5 Ala.App. 75, 59 So. 530; Bankhead v. State, ante, p. 269, 32 So. 814.

Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, has here an apt and purposeful application, and we so hold.

■ To several questions the objections were based only on the ground that they were leading. This had the effect of a waiver of all other grounds. Millhouse v. State, 235 Ala. 85, 177 So. 556; Jones v. State, 29 Ala.App. 126, 193 So. 179.

The allowance of leading questions addresses itself to the enlightened discretion of the court, and we do not find any abuse here. Millhouse v. State, supra; King v. State, 24 Ala.App. 267, 134 So. 133.

■ Ned was permitted to answer whether or not he was scared on the occasion in question. There were no grounds stated in the objection. We, therefore, pretermit a review of the matter. Clearly, under such circumstances, the objections were properly overruled. McCray v. Sharpe, 188 Ala. 375, 66 So. 441.

To treat some other exceptions to the rulings of the trial judge on the introduction of evidence can serve no good purpose, since we would be dealing with elementary principles of the law pertinent thereto.

We will now consider the written instructions which were tendered by the appellant and refused by the court.

■ Charges numbered 1, 2, 3, 4, 6, 8, and 21 could only have application to the offense of robbery. The conviction here is for the lesser offense of grand larceny. Ward v. State, 153 Ala. 9, 45 So. 221; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412.

■ The general affirmative charge was requested as to the offense of grand larceny. It is insisted that it should have been given for the reason of a fatal variance in the allegations in the indictment and the proof. It is true that the indictment charges a robbery of Ned Banks. It is also in accord with the evidence that the money in question was jointly owned by Ned and his wife, Emma.

This procedure is permissible and authorized under the terms of Title 15, Sec. 245, Code 1940, which in pertinent part provides: "When any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners * * *."

See also, Smith v. State, 25 Ala.App. 339, 146 So. 426.

■ The authorities sustain the State's position that a person may be properly convicted of grand larceny on an indict-

ment charging robbery. 12 Ala.Dig., Indictment and Information, ☞191(9).

■ In the recent case of Bankhead v. State, Ala.App., 32 So. 814,[1] we reviewed charge 23 which in purport and effect is similar to charge 5 in the instant case. In the case at bar, as in the Bankhead case, the court instructed the jury fully and correctly on the doctrine of reasonable doubt and the burden of proof required of the prosecution. We will not laden this opinion with a restatement of the conclusions reached in the Bankhead case. See also, Barnes v. State, 22 Ala.App. 581, 118 So. 239; Reeves v. State, 28 Ala.App. 222, 182 So. 90.

We have not failed to observe that charges in effect similar were approved in Smith v. State, 182 Ala. 38, 62 So. 184, and Wilson v. State, 243 Ala. 1, 8 So.2d 422.

In the Smith case, the court held that its refusal was not error because it was covered by given charges 3 and 4. These instructions do not appear in the report of the case, but we have examined the original record and find that the two charges, 3 and 4, are no more than instructions on reasonable doubt. It appears, therefore, that in reaching the conclusions in the Bankhead case, supra, we were following also the doctrine in the Smith case, supra.

In the Wilson case, supra, Justice Thomas, writing for the court, does not make comment on the matter of coverage by given charges or oral instructions.

■ Similar charges to 12 and 13 were approved in some of the early cases, but this holding was departed from in later cases.

Appellant cites Walker v. State, 153 Ala. 31, 45 So. 640. This case on this point was expressly overruled in Ex parte Davis et al., 184 Ala. 26, 63 So. 1010.

The charges are clearly misleading and invasive of the province of the jury. Wilson v. State, supra; Daniels v. State, 243 Ala. 675, 11 So.2d 756; Hudson v. State, 217 Ala. 479, 116 So. 800; Powell v. State, 20 Ala.App. 606, 104 So. 551; Moody v. State, 21 Ala.App. 30, 104 So. 875; Brown v. State, ante, p. 97, 31 So.2d 670; Bankhead v. State, ante, p. 269, 32 So.2d 814.

■ Refused instructions 16, 23, 24, and 25 are substantially covered by the oral charge of the court. Title 7, Sec. 273, Code 1940.

■ It may be noted, also, that with the exception of charge 25 of those just reviewed, there is a failure to predicate the instruction on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179.

■ The appellant testified that he was drinking on the occasion in question, but did not claim to be intoxicated to the extent that his normal mental condition was very much impaired. In short, there was no evidence which tended to prove that the accused was drunk. The contrary quite clearly appears. Without criticizing the possible objections in matter of form of refused charges 19, 20, and 22, we hold that each of them is hypothesized on facts which do not have support in the evidence. Scott v. State, 15 Ala.App. 267, 73 So. 212; Pollard v. Williams, 238 Ala. 391, 191 So. 225.

■ With the exception of the ground that the verdict is not sustained by the great preponderance of the evidence, we have treated all questions posed by the motion for a new trial. It is not necessary nor apposite to enter into a discussion of the rules by which we are guided here. Booth v. State, 247 Ala. 600, 25 So.2d 427; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917.

The record is free from any prejudicial error. It is ordered, therefore, that the judgment of the court below be affirmed.

Affirmed.

---

[1] Ante, p. 269.