BOWEN, Judge.
The appellant was indicted for the first degree murder of Robert Dewayne Waits by shooting him with a rifle. A jury convicted him of second degree murder and fixed punishment at thirty-five years’ imprisonment. The only issue presented for review is whether the trial judge erred in refusing to charge the jury on the issue of self-defense.
In brief the appellant maintains that the evidence on the question of self-defense came solely from the statement given to the police by the appellant and from the testimony of Doris Campbell. No witness testified for the appellant.
The facts of the incident contained in the confession are set out below.
“At approximately 2:00 A.M. 11/20/76 I was at Doris Cambell’s apartment at 1014 17th Avenue, Southeast. Doris and I have been going together for the past month or so. While I was at Doris’ house she asked me to go next door and ask her brother to come home. I returned a few minutes later and Doris started telling me that Dewayne Waits had come to her door while I was gone and tried to force his way inside. I told Doris to go get her sister to babysit while we went to eat. Doris had left to get her sister when I saw Dewayne start down the alley in his car. I approached Dewayne and told him to leave Doris alone because we were going together and after a brief argument Dewayne pulled a pistol and pointed it at me. I don’t know what kind of pistol it was. I then ran back in the house. Doris drove up about this time and Dewayne drove off. Doris and I went to the corner of the apartment to see where he went, and he turned around in his car and tried to run over us. Dewayne then drove on around the alley, and I told James, my nephew, to park the car. Just a few seconds later Dewayne drove through the alley again. The third time Dewayne pulled in the alley I got my rifle out of the trunk, and James, my nephew, grabbed the gun away from me and started toward the house. Dewayne in the meantime had stopped in the alley just off 17th Avenue, Southeast. I then ran and got the gun from James and took it out of the gun case and fired two shots in the direction of the car. Dewayne then started backing his car up the alley and out onto 17th Avenue, Southeast. I fired the last shot at the back fender of the car which was headed toward the East Acres office. Doris, James and I got in the car to take Doris to the hospital, but decided not to go in after we got there. I decided to come to the police station to see if I was in any trouble.”
Doris Campbell testified that she dated Waits for about eight months approximately one year before she began seeing the appellant. When Waits was killed she had been dating the appellant for four months. While Ms. Campbell initially testified that she did not know whether Waits was trying to run over herself and the appellant, she later stated that she received a cut on her hand from Waits’ automobile when he drove close to them. After the appellant fired two warning shots into the ground, her brother “yanked” her back into her house because “he was afraid I was going to get hurt”. “I was wrestling to get the gun from him (the appellant).” After she was in the house the appellant fired a third shot which struck and killed Waits.
*574 The rifle slug penetrated the driver’s door of Waits’ automobile. The cause of death was “exsanguination or excessive bleeding as a result of hemorrhage caused by a gunshot wound delivered to the left upper hip”.
The appellant’s insistence that the trial court should have charged the jury on the subject of self-defense has been answered adversely in a number of cases which have held that, for an accused to be entitled to charges on the law of self-defense, he must first produce evidence warranting findings that he was in actual or apparent imminent peril and was unable to escape. Deloney v. State, 225 Ala. 65, 142 So. 432 (1932); Johnson v. State, 221 Ala. 632, 130 So. 175 (1930); Underwood v. State, 179 Ala. 9, 60 So. 842 (1913); King v. State, 71 Ala. 1 (1881); Lowery v. State, 340 So.2d 830 (Ala. Cr.App.), cert. denied, 340 So.2d 836 (Ala.1976); Cauley v. State, 33 Ala.App. 557, 36 So.2d 347, cert. denied, 251 Ala. 163, 36 So.2d 354 (1948).
Even if the testimony shows that Waits had been trying to hit the appellant and Ms. Campbell with his automobile, at the time the appellant shot neither he nor Ms. Campbell was in any immediate or imminent peril. In fact Ms. Campbell and the appellant’s nephew had struggled with him and attempted to take the rifle away from him. Also Ms. Campbell had retreated into her home before the shot killing Waits had been fired. A charge on self-defense would have been in total disregard of and contrary to the evidence. Therefore the refusal to give the requested charges on this subject was proper.
We have searched the record and finding no error prejudicial to the appellant affirm the judgment of conviction.
AFFIRMED.
All Judges Concur.