BOWEN, Judge.
The defendant was indicted for the first degree murder of Ricky Lynn Slaten. A jury found him guilty of murder in the second degree and fixed his punishment at ninety-nine years’ imprisonment.
I
The defendant maintains that the trial court erred in failing to grant a mistrial after reference was made by a State’s witness to the fact that the defendant initially refused to waive his constitutional rights and requested the presence of an attorney.
The use of post-arrest, post-Miranda warnings silence of the accused as evidence of guilt violates the due process clauses of both the Federal and State Constitutions. Houston v. State, 354 So.2d 825 (Ala.Cr.App.1977), cert. denied, 354 So.2d 829 (Ala.1978).
Here the witness’s comment on the defendant’s silence was not responsive to the prosecutor’s question. The trial judge sustained the objection by defense counsel and *795 immediately instructed the jury to disregard the witness’s response. He further inquired, “Is there anybody on the jury that feels that they can’t follow the court’s instructions and not consider the last statement of the witness in connection with this case that you are trying?”
In view of the action of the trial judge, we find no abuse of discretion in his failure to declare a mistrial. Houston, supra.
II
The defendant requested numerous written charges dealing with self-defense, all of which were refused by the trial court. After both sides had rested and outside of the presence of the jury, the trial judge made the following comment:
“. . . I am of the opinion that there is no evidence of self-defense in this case. The Defendant is the only witness to the transaction, and in his testimony he has testified that he had no intention of firing the pistol and it was accidently discharged when the automobile, I believe as he said, made a sudden surge. So with that that confines, as I see it, the defense, and I am going to refuse all the charges that relate to self-defense, . . . ”
The court gave the State’s requested charge that there was no evidence of self-defense in the case.
A close review of the record substantiates the trial court’s ruling. The defendant’s testimony indicates that he was lying over the door, leaning inside the vehicle and that his feet were not touching the ground when the pistol went off at the moment the car lunged forward. The defendant specifically stated that he “did not mean” to fire the pistol.
The State’s case supplied no evidence of self-defense and such a defense cannot be gleaned from the testimony presented by the defendant. Therefore, the requested charges on self-defense were properly refused. Lindsey v. State, 367 So.2d 572 (Ala.Cr.App.1978), cert. denied, 367 So.2d 574 (Ala.1979).
Having considered the arguments advanced in brief and carefully searched the record as required by law, we find that the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.